Argued May 4, affirmed July 14, 1966

### STATE OF OREGON v. DALE E. CASEY ET AL
416 P. 2d 665

*Paul Dailey* and *Martin J. Howard,* Portland, argued the cause and filed the brief for appellants.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Hammond, Justices.

HOLMAN, J.

Defendants were indicted and tried together for the crime of robbery by force and violence, not being armed with a dangerous weapon. They appealed from a judgment of conviction.

The evidence was sufficient to justify the jury in finding the following statement of facts was true. The complaining witness was on the sidewalk in front of the entrance to his apartment building when the defendant Casey grabbed him and threw him against a car from where he fell on the sidewalk. He was then immediately assaulted by the two defendants and a third person, all of whom beat him with their fists and kicked him. The defendant Sims then reached into the complaining witness' rear pocket as he lay on the sidewalk and extracted his wallet. All three of the persons engaged in the assault then ran.

The first claim of error is by the defendant Casey who contends the court should have allowed his

motion for a directed verdict of acquittal. He claims there was a failure of proof that he had the requisite intent to commit the crime charged. He contends there was no proof that he took the wallet or that he knew the defendant Sims was going to do so. We believe the claim of error is not well founded. There was evidence that the defendant Casey initiated the assault and was immediately joined by the other two participants. The state's evidence indicated there was no apparent excuse for the assault other than the robbery that occurred. The evidence was sufficient for the jury to draw the conclusion that the three participants were acting in concert for this purpose. *State v. O'Donnell,* 229 Or 487, 496, 367 P2d 445 (1962).

On the day of the robbery, February 19, 1965, the defendants were taken into custody by the police. They were both juveniles. Casey was 16 years of age and Sims was 17. Sims was a high school student and demonstrated in court the ability to read fluently. Casey claimed not to read well, but demonstrated in court a better ability to read than he claimed. Both defendants were lodged in jail rather than the juvenile home because the police possessed warrants for their arrest which related to their remand as adults on a prior unrelated offense. Through some unexplained error the remand order for the prior offense was not signed by the juvenile court judge until February 23, although the arrest warrants possessed by the police on February 19 were based on the remand. On February 23 or 24 defendants were taken before a magistrate and informed of their rights relating to the prior offense in conformance with ORS 133.610. While being held in jail by the police pursuant to the warrants on the first remand, defendants were interrogated concerning the offense in question here and gave the

police incriminating statements on March 2 and 3. They were not remanded to adult court on this offense until March 8.

' The incriminating statements given by defendants were introduced in evidence. A hearing was had by the trial judge on the question whether the statements were voluntary and whether they had been effectively informed of and had waived their constitutional rights to counsel and to remain silent. The court found that:

"* * * as a matter of record, beyond a reasonable doubt, that the confessions, * * * as to both defendants were voluntary, and was [sic] without force or improper coercion, and I feel that the defendants' Constitutional rights were afforded them, and therefore, the Court will receive the exhibits in evidence before the jury and instruct the jury * * *."

■■ The age of a juvenile does not rule out the possibility of an intelligent waiver of his Fifth and Sixth Amendment rights. *State v. Gullings,* 244 Or 173, 416 P2d 311, decided this same day. It is a matter of proof in each instance. The trial judge decided the state had carried the burden of proving that defendants had been effectively informed of and had waived such rights and there was, in our opinion, sufficient evidence to justify such a finding.

■ The defendants' principal contention is that the court erred in admitting in evidence their written statements because the statements were obtained prior to defendants' remand on this particular charge from the juvenile court to the circuit court to stand trial as adults. Defendants urge that these admissions violate the rules of "fundamental fairness" applicable to juvenile courts as stated in *Harling v. United States,* 111 US App DC 174, 295 F2d 161 (1961), and that

therefore the statements were obtained without due process of law in violation of the Fourteenth Amendment to the federal constitution.

In the case of *State v. Gullings,* supra, we held that the "fundamental fairness" required of juvenile procedures was not violated by the use in adult court of information secured through police questioning of the juvenile prior to remand under the following circumstances: (1) it was clearly apparent to the juvenile that criminal responsibility could result and that the police were his adversaries, (2) his Fifth and Sixth Amendment constitutional rights were made known to him, and (3) such rights were understandingly waived by him. The language there used is equally applicable to this case.

At the time the statements were secured, the defendants were lawfully held in jail as adults pursuant to another charge and defendants therefore could not have been misled as to the adversarial position of the police or to the implications such statements could have relative to criminal responsibility.

The cases of *State v. Shaw,* 93 Ariz 40, 378 P2d 487 (1963); and *State v. Lopez,* 96 Ariz 169, 393 P2d 263 (1964), cited by defendants, are distinguishable. In those cases the statements were secured by police while the juveniles were being held in violation of statute.

The judgment of the trial court is affirmed.