# THE STATE OF NEW JERSEY IN THE INTEREST OF R. M

Juvenile and Domestic Relations Court,
Union County

Decided April 18, 1969.

374

Mr. Henry W. Jaeger, Assistant Prosecutor, for the State (Mr. Leo Kaplowitz, Prosecutor of Union County, attorney).

Mr. Mario G. Farina, Assistant Deputy Public Defender, for the juvenile (Mr. Stanley C. Van Ness, Public Defender).

KENTZ, J. J. & D. R. C. This is a proceeding in the nature of an application for post-conviction relief to set aside adjudications of delinquency on three complaints filed in this court against the juvenile. The facts giving rise to this action may be briefly stated as follows.

On September 4, 1968 a complaint was filed in this court wherein the juvenile was charged with delinquency by virtue of having participated in a robbery. Pursuant to the then usual procedure, forms were mailed to the juvenile and his mother advising them, among other things, of the juvenile's right to retain counsel or, if indigent, to have counsel appointed to represent him. In accordance with the instructions on these forms, they were returned to the court on September 27, 1968. Both were signed by the juvenile and his mother and on each the signer indicated that an attorney was not desired.

Both the juvenile and his mother appeared in court on November 21, 1968 for a hearing, at which time they were advised by the court of the juvenile's constitutional rights. They both indicated that they did not want an attorney for the juvenile and executed written waivers of counsel. The juvenile admitted the offense and was adjudicated delinquent. Final disposition was withheld pending the hearing on an-

other complaint that had subsequently been filed against the juvenile charging him with an offense under *N. J. S.* 2A :4–14.

A hearing on the second complaint was held on December 3, 1968. The court again advised the juvenile and his mother of his right to counsel. Again counsel was waived in open court by the parties and each executed written waivers. The juvenile admitted the offense and was adjudicated delinquent. Final disposition was again withheld because a third complaint had been filed against the juvenile charging him with larceny of a motor vehicle.

This third complaint was read to the juvenile and his right to counsel was again explained to him and his mother by the court. Since he then indicated that he wished to be represented by an attorney, the matter was adjourned to allow him to obtain counsel.

He was interviewed by an officer of the court for the purpose of ascertaining his eligibility to have counsel assigned. The affidavit of the juvenile indicated that he was employed and that he was earning $2.35 per hour. For this reason the court was of the opinion that the juvenile could afford to retain an attorney and assignment of counsel was denied.

On December 10, 1968 the court was advised by the juvenile's mother that he had not obtained the job mentioned in the affidavit, was unemployed and unable to retain an attorney. In view of this information the court assigned counsel on December 12, 1968.

On December 18, 1968 the juvenile and his mother appeared for a hearing but the assigned counsel was not present. The court again cautioned the parties in regard to the right to counsel, but they expressed the desire to proceed without an attorney. Again written waivers were executed by the juvenile and his mother. The juvenile admitted the offense and was adjudicated delinquent. He was then committed to the New Jersey Reformatory for Males, the commitment to be concurrent on all three complaints.

In January 1969 the juvenile contacted the office of the Public Defender, requesting assistance and stating that he had been committed as a result of the above proceedings and had not been represented by an attorney. The Public Defender filed a motion in the nature of an application for post-conviction relief on February 4, 1969, to set aside the adjudications. A hearing was scheduled for March 7, but was adjourned because of the inability of the authorities at the institution to produce the juvenile on that date for reasons beyond their control.

The matter was relisted and heard on March 20, at which time the juvenile testified that he was 18 years of age, had attended the Lincoln School (a school for slow learners) in Plainfield, New Jersey, and had been promoted to the ninth grade at Plainfield High School. He further testified that he had continued in "special classes" until completing the ninth grade. His testimony also disclosed that upon attaining the age of 16 he dropped out of school and commenced working. He was employed, albeit briefly, at three jobs. His employment at the first two of these was terminated by way of normal layoffs.

On cross-examination the juvenile conceded that he had signed the waivers previously mentioned and that none was signed as the result of any force, threats or promises. He also testified that the court had explained his rights to him prior to the hearings on each of the complaints and that he had understood the explanations, but had nonetheless voluntarily waived counsel with full knowledge of the nature of this act.

It is contended that the juvenile was incapable of making a constitutionally adequate waiver. It is suggested that because of his youth, background, education and limited experience his waiver was not knowingly, understandably, nor intelligently made. It is further argued that even if his initial waivers were valid, the court erred in accepting the waiver of December 18, 1968, since he had previously in-

dicated a desire to be represented by counsel and had, in fact, been assigned an attorney.

The juvenile has the procedural right to make an application in the nature of post-conviction relief in the Juvenile and Domestic Relations Court. *State in the interest of J. M.,* 103 *N. J. Super.* 88 (*J. & D. R. Ct.* 1968).

The right to counsel is well established in our criminal law and the need for citations to support this proposition would seem unnecessary. The right extends to the assignment of counsel if the defendant is indigent. *Gideon v. Wainwright,* 372 *U. S.* 335, 83 *S. Ct.* 792, 9 *L. Ed.* 2d 799 (1963). These rights also extend to juveniles in juvenile court proceedings. *In re Gault,* 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1967).

It is equally well settled that these rights can be waived by a defendant. *Johnson v. Zerbst,* 304 *U. S.* 458, 58 *S. Ct.* 1019, 82 *L. Ed.* 1461 (1937); *Van Moltke v. Gillies,* 332 *U. S.* 708, 68 *S. Ct.* 316, 92 *L. Ed.* 309 (1947).

However, waiver of the right to counsel will not be presumed from the silence of an accused after warnings are given. *Carnley v. Cochran,* 369 *U. S.* 506, 82 *S. Ct.* 884, 8 *L. Ed.* 2d 70 (1962); *State v. Yough,* 49 *N. J.* 587 (1967). The court in *In re Application of Palumbo,* 58 *N. J. Super.* 80 (*App. Div.* 1959), stated:

"The importance of the right to counsel in all phases of a criminal proceeding requires that an asserted waiver be shown to have been both intelligent and clearly manifest. There is a presumption of non-waiver. [Citations omitted]. In order to find an effective waiver we must be satisfied from the circumstances that (1) defendant knew he had a right to counsel; (2) he failed to avail himself of that right with full understanding of the implications and consequences of a plea of guilty; and (3) he nevertheless submitted the plea entirely voluntarily."

It has frequently been argued that a juvenile is not competent to waive the right to counsel because of his young age. However, this proposition has generally been rejected by the weight of authority. *Carpentier v. Lainson,* 248 *Iowa*

1275, 84 *N. W. 2d* 32, 71 *A. L. R. 2d* 1151 (*Sup. Ct.* 1957);
*People v. Hardin,* 207 *Cal App. 2d* 336, 24 *Cal. Rptr.* 563
(*D. Ct. App.* 1962); *State v. Banford,* 13 *Utah 2d* 63, 368
*P. 2d* 473, 97 *A. L. R. 2d* 547 (*Sup. Ct.* 1962); *State v.
Casey,* 244 *Or.* 168, 416 *P. 2d* 665 (*Or. Sup. Ct.* 1966);
*People v. Harden,* 78 *Ill. App. 2d* 431, 222 *N. E. 2d* 693
(*App. Ct.* 1967); *People v. Lara,* 67 *Cal. 2d* 365, 62 *Cal.
Rptr.* 586, 432 *P. 2d* 202 (*Sup Ct.* 1967).

In *State v. Gullings,* 244 *Or.* 173, 416 *P. 2d* 311, 315
(1966), the Oregon Supreme Court stated:

> "It might be argued that a juvenile does not have sufficient under-
> standing to judge whether the situation was adversarial or to in-
> telligently and knowingly waive his right against self-incrimination
> and his right to be represented by counsel. * * * However, the evidence
> indicates that the defendant understood all that was said to him
> and that he knowingly and freely waived his rights. He was 17 years
> of age and a high school student apparently possessing average in-
> telligence. * * * *It can not be said that a juvenile can not waive
> constitutional rights as a matter of law. It may be more difficult to
> prove because of his age, but it is a factual matter to be decided by
> the trial judge in each case."* (Emphasis added)

■ In making this decision in any particular case courts
generally consider such factors as the age, education, mental
capacity, background and experience of the juvenile. In the
instant case the juvenile was well over 17 years of age before
even the first of the complaints with which we are concerned
was heard. While he was a slow learner, he had been con-
sistently promoted in school and had completed the ninth
grade. There was no evidence that he was mentally in-
competent. He had been employed on various jobs after
leaving school.

In *Bouldin v. Cox,* 76 *N. M.* 93, 412 *P. 2d* 392 (*Sup Ct.*
1966), a waiver was upheld where the minor was 18, had only
a fifth grade education and lacked any prior experience in
court proceedings. In *Carpentier v. Lainson, supra,* the ju-
venile was 17, of normal intelligence and education, and had
previously been experienced in court proceedings, including
the prior assignment of counsel without fee, and his waiver of

the right to counsel was sustained. In *Ex parte Snow*, 84 *Okl. Cr.* 423, 183 *P. 2d* 588 (*Okl. Cr.* 1947), a waiver of counsel and a guilty plea were accepted where defendant was an ignorant farm boy, age 19, with only a third grade education. In *State v. Spiers*, 12 *Utah 2d* 14, 361 *P. 2d* 509 (*Sup. Ct.* 1961) a waiver was determined to be valid although the minor was 19 years of age, immature, had an I.Q. of 75, and had graduated from high school with low grades.

In the case at bar the juvenile was not without prior court experience. In 1966 he had appeared in this court on a charge of rape. At that time he was represented by counsel. In 1967 he was again in this court charged with operating a motor vehicle without a license. At that time he was not represented by counsel and admitted the offense. These prior court experiences lend support to the testimony of the juvenile that he understood the procedures and explanations of the court and nevertheless chose to waive his rights.

It is also significant that there is no claim here that the proceedings were hastily conducted or that the juvenile was adjudicated delinquent in the absence of his parent. *R. R.* 6:8–9. There is no assertion that the juvenile was confused or bewildered. Such factors were found to vitiate a waiver in *Application of Estrada*, 1 *Ariz. App.* 348, 403 *P. 2d* 1 (*App. Ct.* 1965).

It is generally held that the burden of proof as to the lack of a competent waiver is upon the party seeking to set aside the waiver in those cases where defendant was advised of his rights and the record so indicates. *Bouldin v. Cox, supra; Palacorolle v. State*, 239 *Md.* 416, 211 *A. 2d* 828 (*Ct. App.* 1965); *United States ex rel. Ackerman v. Russell*, 388 *F. 2d* 21 (3 *Cir.* 1968).

In view of petitioner's age, education, prior court experience, background and his own testimony at the hearing on this application, I am of the opinion that he was competent to and did in fact waive his right to counsel on at least three separate occasions. I also find that the mother of the juvenile

executed on each of these occasions a waiver of counsel on behalf of her son. The juvenile has failed to sustain his burden of proof that the waivers in question were not knowingly, intelligently and freely made, and the presumption of non-waiver has been rebutted. *Cf. Jenkins v. State,* 57 *N. J. Super.* 93 (*App. Div.* 1959).

There remains for consideration the claim that the court erred in accepting the waiver on the third complaint after the juvenile had indicated that he desired counsel and after counsel had been assigned to represent him. This contention appears to be founded on the notion that the juvenile, once having requested counsel, is in effect estopped to later waive counsel. The court finds this contention without merit. An accused can waive his right to counsel when that right first attaches and he can also waive the right to have counsel present subsequent to counsel's retainment or appointment, provided that such waiver be freely, knowingly and intelligently made. *Dillon v. United States,* 391 *F. 2d* 433 (10 *Cir.* 1968); *People v. Harden, supra.* Were it otherwise, a defendant would be bound by the decisions of his attorney throughout the proceedings regardless of whether he was satisfied with counsel's conduct of his defense. He would forfeit his right to discharge counsel and represent himself and would lose all control over his fate once having obtained counsel.

The court is satisfied that such consequences are not the intendment of the guarantee of the right to counsel. The court is convinced that a waiver subsequent to assignment of counsel is permissible, provided that the waiver is made under the conditions necessary to the validity of any waiver of a constitutionally guaranteed right. I find that the requisite conditions have been met.

Application to set aside the adjudications of delinquency on these complaints is denied. An order will be entered accordingly.