Argued July 25; affirmed September 14, 1973

In the Matter of Damrill, Tim, Minor Child.

# STATE EX REL JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent, v.* DAMRILL (No. 7259-G), *Appellant.*

513 P2d 1210

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief was Francis F. Yunker, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Appellant, a 16-year-old child, was found to be within the jurisdiction of the juvenile court by reason of his having committed an act which would be a crime if committed by an adult. ORS 419.476 (1)(a).[1] His appeal presents two assignments of error.

---

[1] The question has been raised as to whether this should have been treated as a probation revocation proceeding rather than an adjudication of jurisdiction. The record reveals this boy had several times before been adjudicated a ward of the juvenile court for acts which if committed by an adult would have constituted a felony, including several burglaries and illegal possession of drugs. At the time this petition was filed he was a ward of the court and was on probation following a suspended commitment to the

■ Initially, the child contends that the evidence brought out at the adjudication hearing was not sufficient to bring him within the court's jurisdiction.

The petition to the juvenile court alleged that the child had committed acts which, if done by an adult, would have constituted burglary in the second degree. ORS 164.215. The evidence introduced at the hearing established that he was riding in an automobile with several other persons when plans for the burglary were discussed, that he drove that automobile to the vicinity of the burglary, that several of the persons riding with him got out of the car and consummated the burglary, and that he either waited in the car while the burglary was in progress or left the area for about 30 minutes and then returned. Under these facts, the juvenile court could have found beyond a reasonable doubt that the child, with the intent to promote or facilitate the burglary, aided or abetted or attempted to aid or abet the burglars and would therefore be criminally liable for their conduct if he were an adult. ORS 161.155 (2)(b). That being so, the juvenile court was justified in finding him to be within the jurisdiction of that court.

■ The child's second assignment of error is that the court erred in admitting evidence of statements made by him to police officers where it appeared that

---

Children's Services Division for placement at MacLaren School for Boys, the state training school. The order of commitment had simply vacated the previous order suspending the earlier commitment and ordered it into effect. Under such circumstances when, as here, the record is silent, we do not assume this matter was before the court as a revocation proceeding pursuant to ORS 419.529 (1), (2), rather than an original proceeding under ORS 419.476 (1)(a). For a brief, general discussion of revocation of probation hearings, see Fox, Juvenile Courts in a Nutshell 210-17, § 44 (1971).

full *Miranda*[2] warnings were not given. The trial court found that *Miranda* warnings were not necessary in any event since he was not "in custody,"[3] and therefore it did not concern itself with the question of whether the advice actually given met *Miranda* standards. This conclusion was correct under the standards set out in *State v. Douglas,* 260 Or 60, 488 P2d 1366 (1971), *cert denied* 406 US 974 (1972); *State v. Travis,* 250 Or 213, 441 P2d 597 (1968). *See also State v. Brom,* 8 Or App 598, 494 P2d 434, Sup Ct *review denied* (1972), and *State v. Crossen,* 10 Or App 442, 499 P2d 1357, Sup Ct *review denied* (1972).

No showing is here made that because of age, comprehension or psychological coercion, under standards of "fundamental fairness" prescribed by the Oregon Supreme Court, any advantage was taken of the child. *See State v. Casey,* 244 Or 168, 172, 416 P2d 665 (1966); *State v. Gullings,* 244 Or 173, 416 P2d 311 (1966). See also Fox, Juvenile Courts in a Nutshell 117-35, § 23 (1971).

Affirmed.

---

[2] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[3] The record reflects that the child voluntarily went with the interviewing officer to the police car and that he was free to leave the car at any time.