No. 25908
No. 25845

**The People of the State of Colorado v.
George E. Gibson**
(521 P.2d 774)

Decided April 15, 1974.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Milnor H. Senior, P.C., for defendant-appellee.

Paul H. Hunter, Milo N. Gonser, William F. Reynard, amicus curiae, for American Civil Liberties Union of Colorado.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

George E. Gibson, the appellee, was charged with violating 1971 Perm. Supp., C.R.S. 1963, 40-9-113(2)(c) which provides:
"A person commits a Class 1 petty offense if he:
Loiters for the purpose of engaging or soliciting another person to engage in . . . deviate sexual intercourse."
Prior to trial the county court held the statute unconstitutional and granted appellee's motion to dismiss. The People have now brought this appeal. We affirm.

This direct appeal from the county court was permitted under C.R.S. 1963, 39-7-26(2), but this (and all of chapter 39) were repealed in 1972. Chap. 44, § 1 Colo. Sess. Laws, 1972. Section 26(2) was not reenacted. There is pending here another direct appeal from a Denver County Court determination of unconstitutionality of a criminal statute. *People v. Garcia*, No. 26320, Colo. , P.2d . Time for appeal to the Superior Court has expired in both cases. We, in effect, suspend the rules and take jurisdiction of these two cases in order that the issues of constitutionality may be determined on review. Absent a legislative change or change in our Rules of Criminal Procedure in this respect, future appeals should

be to the district courts, except as to the City and County of Denver it shall be to the Superior Court.

As pointed out by the People, in *Arnold v. City and County of Denver,* 171 Colo. 1, 464 P.2d 515 (1970), we made the critical distinction between an unconstitutional loitering statute which involves merely status and a constitutional one which couples status with an overt act. We cited the following language from *Goldman v. Knecht,* 295 F. Supp. 897 (D. Colo. 1969):

" 'Conceivably, loitering or strolling on public property which obstructs the orderly government process would be offensive, and conceivably loitering and strolling about, when coupled with preparation to commit a criminal offense or with interference with the activities of others, might be within the scope of legislative prohibition, *but the statute does not require the loitering or strolling to be associated with any other conduct.*' " (Emphasis added.)

The statute now before us suffers from the same infirmity as the vagrancy statute held unconstitutional in *Goldman.* The statute fails to require the loitering to be coupled with any other overt conduct. Rather, the loitering need only be coupled with the state of mind of having "the purpose of engaging or soliciting another person to engage in . . . deviate sexual intercourse." We now reaffirm our acceptance of the *Goldman* rationale and hold that 1971 Perm. Supp., C.R.S. 1963, 40-9-113(2)(c) does not satisfy constitutional · due process requirements.

The People have cited to us the rule that if a statute is fairly susceptible of two interpretations, one of which is constitutional and the other unconstitutional, a reviewing court must construe the statute so as to render it constitutional. If the statute is to be construed at face value, as we have done, it is susceptible to but one interpretation. The result is that it is unconstitutional.

The People have suggested that we interpret the statute so that it prohibits loitering only when the loitering is coupled with the overt act of solicitation. The problems with the People's suggested construction are twofold. First, it

would require this court to usurp a legislative function, and secondly, it would render the statute inconsistent with at least one other section of the Criminal Code. 1971 Perm. Supp., C.R.S. 1963, 40-2-301 provides that "a person is guilty of criminal solicitation if he commands, induces, entreats, or otherwise attempts to persuade another person to commit a *felony.*" (Emphasis added.) The old Criminal Code did make it a felony to engage in "unnatural carnal copulation committed per anus or per os." C.R.S. 1963, 40-2-31(1). Under the new Criminal Code, however, it is no longer a crime of any sort, much less a felony, to engage in consensual deviate sexual intercourse. The statutory comment on 1971 Perm. Supp., C.R.S. 1963, 40-3-401 to 40-3-411 states that "[v]oluntary participation in deviate sexual acts is not made a crime."

Additionally, under the old Code, "[t]he solicitation of any unnatural carnal copulation" was made a crime. C.R.S. 1963, 40-2-31(2). Under the new Code solicitation for deviate sexual intercourse is no longer prohibited. Thus, the People's construction would produce the following inconsistencies within the Code: (1) under the solicitation statute a crime occurs only when one entices another to commit a *felony,* while 40-9-113(2)(c) would make it illegal to solicit another for a non-crime; (2) the new Code legalized solicitation for deviate sexual intercourse, while 40-9-113 (2)(c) would prohibit the same solicitation if coupled with loitering. Because the People's construction would force us in effect to amend the statute, and because the construction would produce inconsistencies within the Code, we are obliged not to make this construction.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY dissent.

MR. JUSTICE HODGES dissenting:

I respectfully dissent. By declaring the subject portion of 1971 Perm. Supp., C.R.S. 1963, 40-9-113(2)(c) unconstitutional, the majority of this court has, in my judgment, taken

away a portion of the legislative prerogative to define and render illegal certain offensive conduct. This is accomplished by what I would describe as a strained and overly technical interpretation of said provision of law which makes it a class I petty offense for a person to loiter in a public place for the purpose of engaging or soliciting another person to engage in deviate sexual intercourse.

The majority opinion declares that this statute makes status alone punishable as a criminal offense and therefore under the authority of *Arnold v. City and County of Denver,* 171 Colo. 1, 464 P.2d 515 (1970) and *Goldman v. Knecht,* 295 F. Supp. 897 (D. Colorado 1969), the statute is unconstitutional. In *Arnold,* the vagrancy ordinance of the City and County of Denver was declared unconstitutional because it made the status of being a vagrant a crime. In *Goldman,* the Colorado vagrancy statute was declared unconstitutional for the same reason; however, it was recognized therein that conceivably loitering on public property when coupled with some other offensive activity, such as preparation to commit a criminal offense or interference with the activities of others, would be within the scope of legislative prohibition. In *Goldman,* because the Colorado statute on vagrancy did not require that the loitering be associated with any other such conduct, it was held to be constitutionally invalid as not satisfying due process and equal protection requirements.

It appears obvious that the main legislative intent behind this enactment was to punish the overt act of solicitation while loitering in a public place. All reasonable intentments must be indulged to support the constitutionality of legislative acts. *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1 (1972). In applying this general rule of statute interpretation, it must be presumed that the legislature in adopting this law intended to define and render unlawful certain specific conduct, and on the other hand, did not intend to pass an unconstitutional act which punished status or what may be the subject of a person's thoughts when he loiters in a public place. Both the *Arnold* and *Goldman* decisions had been

announced many months prior to 1971 when the subject statute was enacted, and on this basis, it must also be presumed that the legislature intended at this point in time to pass a law which did not suffer from the same constitutional infirmities found in the vagrancy laws struck down in *Arnold* and *Goldman,* Therefore, in my view, the statute in question must be interpreted to require as an element of proof the overt act of solicitation. This is a reasonable interpretation because it is clear that the thrust of the statute is against such acts of solicitation.

Furthermore, in my view, this statute does not suffer from the vagueness which would render it unconstitutional as argued by the defendant. This provision of law is reasonably certain in its terms. Its language is clear and it definitely sets forth the exact and limited conduct which it proscribes. A prohibitory statute must be clear, definite, and certain so that an average person who may be subject to its provisions will be able to understand and ascertain whether he will incur a punishment for particular acts or courses of conduct. *Junglen v. Board of Review,* 184 Colo. 59, 518 P.2d 826, and *Connally v. General Construction Company,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). All that is constitutionally required of a statute when testing it on the vagueness issue is that it conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973). The legislative enactment we are concerned with here fully meets the tests for constitutionality as defined above because a reasonable reading of the statute conveys the warning that this act of solicitation in a public place is a crime. It is recognized that the vagueness issue is not discussed in the majority opinion.

The majority opinion also suggests that this provision of law may be inconsistent with 1971 Perm. Supp., C.R.S. 1973, 40-2-301 which provides that a person is guilty of criminal solicitation if he commands, induces, entreats, or otherwise attempts to persuade another person to commit a felony. Since the legislature has now repealed statutes making

it unlawful to engage in consensual deviate sexual intercourse, it is stated that the statute we are now concerned with is inconsistent with 1971 Perm. Supp., C.R.S. 1963, 40-2-301, and therefore impliedly was not an offense which the legislature would want to deal with. Certainly, it is within the legislative prerogative to make it a crime to do something in public which may be perfectly legal if done in private.

I would declare that the subject portion of 1971 Perm. Supp., C.R.S. 1963, 40-9-113(2)(c) is constitutional, and would therefore reverse the judgment of the trial court.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY have authorized me to state that they join in this dissent.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

I join in the dissenting opinion of Mr. Justice Hodges, but I would add these special remarks. I have spoken out before on the subject of strict construction of statutes which tend to make them unconstitutional. This case illustrates my oft-repeated remarks that strict constructionism is a double-edged sword and may often defeat the intent of the legislature, as, in my view, it does here. As pointed out in Justice Hodges' opinion, the Federal Court in Colorado had advised the legislature in *Goldman, supra,* and we reiterated that advisement in *Arnold, supra,* that the legislature could not punish a state of mind or a status. Accordingly, I believe the legislature intended to pass a constitutional statute which would protect the general public from unwelcome sexual solicitation in a public place.

It is our duty to interpret a statute so as to constitutionally carry out the intent of the legislature, *People v. Sneed,* 183 Colo. 96, 514 P.2d 776. The United States Supreme Court has not hesitated at various times to return a case to a State Supreme Court for interpretation which might make a presumably facially invalid state statute constitutional. *See* e.g., *Lewis v. City of New Orleans,* 408 U.S. 913, 92 S.Ct. 2499, 33 L.Ed.2d 321.

In my view, the statute under consideration may properly be interpreted to require an overt act other than the loitering itself and is thus constitutional. It begs the question to assume, as the majority opinion does, that the solicitation for deviate sexual intercourse is no longer forbidden, for that is the very issue in this case. In my view, it is forbidden by the statute in question when coupled with loitering in a public place.

I am authorized to say that Justice Kelley joins in this dissent.