Argued October 24, reversed November 24, 1975

STATE OF OREGON, *Respondent, v.* CHADWICK
DEBNAM (No. 35-133, CA 4728), *Appellant.*

542 P2d 939

*Mark Gardner,* Hillsboro, argued the cause and filed the brief for appellant.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was accused of violating ORS 166.-045(1)(a), which provides:

> "(1) A person commits the crime of loitering if he:
>
>> "(a) Loiters in or near a school building or grounds, not having any reason or relationship involving custody of or responsibility for a student, or, upon inquiry by a peace officer or school official, not having a specific, legitimate reason for being there   *   *   *."

Defendant's demurrer to the complaint challenging the constitutionality of this statute was denied in district court. A writ of review was granted by circuit court and upon review the order was affirmed.[1] On appeal defendant contends that the complaint against him fails to state facts constituting an offense because ORS 166.045(1)(a) is unconstitutionally vague on its face.[2]

---

[1] We note in passing that this case does not bear the caption normally found in a writ of review proceeding.

[2] The complaint charged that the defendant "did unlawfully and without having any reason or relationship involving custody of or responsibility for a student, knowingly loiter in and near a school, to-wit: the Pacific University grounds, located at Forest Grove, Oregon * * *." Since the complaint charged de-

Defendant contends that the principal infirmity of the statute is that its language is not sufficiently definite to meet the due process requirement of informing those who are subject to it what conduct on their part will render them liable to its penalties. We agree. The prohibition against "loitering" as a criterion of criminal conduct is an incomprehensible standard and

> "* * * is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, 'men of common intelligence must necessarily guess at its meaning.' *Connally v. General Construction Co.,* 269 U.S. 385, 391 [46 S Ct 126, 70 L Ed 322 (1926)]." *Coates v. City of Cincinnati,* 402 US 611, 614, 91 S Ct 1686, 29 L Ed 2d 214 (1971).

■ As we said in *City of Portland v. White,* 9 Or App 239, 242, 495 P2d 778, Sup Ct *review denied* (1972), the term "loiter" standing alone is "so elastic that men of common intelligence must necessarily guess [its] meaning."[9] Although the instant statute prohibits "loitering" by persons "not having any reason or relationship involving custody of or responsibility for a student," that modification merely defines and

---

fendant with the first definition of loitering contained in ORS 166.045(1)(a), only that portion of the statute is properly before us now.

[9] As defendant correctly points out, the word "loiters" has been variously defined as " 'to lag behind,' " People v. Weger, 251 Cal App2d 584, 59 Cal Rptr 661 (1967), *cert denied* 389 US 1047 (1968); "loafing," Molinari v. State, 217 Md 282, 142 A2d 583 (1958); "to linger," Commonwealth v. Carpenter, 325 Mass 519, 91 NE2d 666 (1950); "to hinder," People v. Berger, 169 NYS 319 (Gen Sess NY Co 1918). In view of the uncertainty of these definitions, defendant's query is apt: "If one lags behind, the question raised is, lags behind, what or whom? More subtly, if mere presence is not proscribed, when does lawful presence become unlawful loitering?"

delimits the class of people who may be punished under the statute.[4] It does not provide any additional criterion as to what class of human conduct is prohibited. Therefore, the statute fails to meet the due process requirement that fair notice of the forbidden conduct be given. *See also State v. Hodges,* 254 Or 21, 457 P2d 491 (1969); *State v. Martinez,* 85 Wash2d 671, 538 P2d 521 (1975).

Secondly, in *City of Portland v. James,* 251 Or 8, 13-14, 444 P2d 554 (1968), our Supreme Court held that a city ordinance making it unlawful for any person to be present on a public street between the hours of 1:00 and 5 a.m. without disclosing a lawful purpose was unconstitutionally vague because the ordinance permitted "arrest[s] on suspicion." "The police officer's suspicion that the suspect does not have a 'lawful purpose' is the only standard prescribed for arrest and conviction. * * *" Hence, had the court upheld the statute, it would have "allow[ed] a crime to be defined so as to render the requirement of probable cause to effect a valid arrest an illusory protection." *See also City of Portland v. White,* supra.

■ ORS 166.045(1)(a) likewise permits arrests on suspicion and is therefore unconstitutional on this ground as well. We do not believe that the fact that a person in or near a school grounds does not have "any reason or relationship involving custody of or responsibility for a student * * *" is sufficient to elevate the statute to the constitutional standard of probable cause for an arrest. The mere presence of a person in or near a school grounds for a purpose

---

[4] Although the parties have not briefed whether this classification is reasonable, it is questionable whether the statute affords equal protection to those in or near the school grounds for a purpose not related to the custody or responsibility of a student. *See* Grayned v. City of Rockford, 408 US 104, 92 S Ct 2294, 33 L Ed 2d 222 (1972).

not related to the custody or responsibility of a student does not necessarily manifest a purpose to commit a specific crime. Thus, under the statute an officer is "authorized to arrest if the conduct suggests to him that the suspect has in mind the commission of some type of crime, even though the officer does not know what crime the suspect has in mind. * * *" *City of Portland v. James,* supra, 251 Or at 13. In *James* the court perceived the "principal evil" of such vague legislation in the fact "that it invites arbitrary and discriminatory enforcement."[5]

■ We conclude, then, that ORS 166.045(1)(a) is unconstitutionally vague because the statutory language is not sufficiently definite to meet the due process requirement of informing those subject to the statute what conduct will render them liable to its penalties and because the statute permits arrests without probable cause.[6]

Reversed.

---

[5]
"* * * [I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. * * *" (Footnotes omitted.) Grayned v. City of Rockford, supra, 408 US at 108-109. *See also* Papachristou v. City of Jacksonville, 405 US 156, 92 S Ct 839, 31 L Ed 2d 110 (1972).

[6] In 34 Op Att'y Gen 1146 (1970), the Attorney General concluded that former ORS 166.060(1)(e), (vagrancy by loitering about schools), (*repealed,* Oregon Laws 1971, ch 743, § 432), was unconstitutionally vague. He pointed out, however, that other criminal sanctions exist for the various sorts of unlawful conduct which may actually occur in school settings, such as trespass, defacing or damaging school property and disorderly conduct.