557 P.2d 687 (1976)
27 Or.App. 861
In the matter of D., a Minor Child.
State ex rel. Juvenile Department of Multnomah County, Respondent,
v.
D., a Minor Child, Appellant.
Court of Appeals of Oregon.
Argued and Submitted July 22, 1976.
Decided December 27, 1976.
Reargued and Submitted September 24, 1976.
*688 Alan Baily, Juvenile Law Center, Portland, argued the cause and filed the brief for appellant.
Thomas H. Denney, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Atty. Gen., and W. Michael Gillette, Sol. Gen., Salem.
John W. Osburn, City Atty., Portland, filed a brief amicus curiae for the City of Portland. With him on the brief was Richard A. Braman, Sr., Senior Deputy City Atty., Portland.
Before THORNTON, P.J., and TANZER and RICHARDSON, JJ.
THORNTON, Presiding Judge.
This is an appeal from an order of the juvenile court finding that it had jurisdiction pursuant to ORS 419.476(1)(a)[1] over D., a 16-year-old child. The juvenile court found that the child had violated Section 14.24.050 of the Code of the City of Portland, which provides:
"Loitering to solicit prostitution. As used in this section, `prostitution' means an act of sexual intercourse or sodomy between two persons, not married to each other, in return for the payment of money or other valuable consideration by one of them.
"* * *
"(b) It is unlawful for any person to loiter in or near any street or public place in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution. Among the circumstances which may be considered in determining whether such purpose is manifested are that the person repeatedly beckons to, stops or attempts to stop, or engages male passersby in conversation, or who repeatedly stops or attempts to stop motor vehicle operators by hailing them or gesturing to them. No arrests shall be made for a violation of this subsection unless the arresting *689 officer first affords the suspected person an opportunity to explain his or her conduct, and no one shall be convicted of violating this section if it appears at the trial that the explanation given was true and disclosed a lawful purpose."
The child makes three primary contentions on appeal: (1) that Section 14.24.050 is unconstitutional in that it is vague and overbroad; (2) that the court below erred in admitting statements made by her to the arresting officers prior to the time the officers advised her of her constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); and (3) that it was not proven beyond a reasonable doubt that she had violated Section 14.24.050.
The facts are not disputed. On January 2, 1976, two police officers of the city of Portland observed D. walking up and down the sidewalk in a "high vice area" within five blocks of her house. During the 10 to 15 minutes she was under observation, the officers noted that the minor walked up and down a single city block about a dozen times and would, when cars slowed, lean over and look into cars driven by older males. On one occasion she made a gesture toward a male passenger and the two engaged in a brief conversation.
Following this period of observation, the officers drove up to the child and questioned her. During the course of the conversation she admitted that she was a prostitute, that she had been in the area for seven and one-half months, and that during that period she had made between four and five thousand dollars. When asked, "Who are you working for?", she replied "I don't have a pimp. It's all for myself."
Turning now to the authorities, the principal purposes of the void-for-vagueness doctrine, other than as a practical instrument mediating between the organs of public coercion of a state and the protection of the individual's private interests envisaged by the Bill of Rights,[2] are twofold: to give a person of ordinary intelligence fair notice that the contemplated conduct is forbidden and to discourage arbitrary arrests and convictions. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The void-for-vagueness doctrine has traditionally rested on the Due Process Clause of the Fourteenth Amendment. In City of Portland v. James, 251 Or. 8, 444 P.2d 554 (1968), the Oregon Supreme Court indicated that the vagueness doctrine could also rest on the probable cause requirement of the Fourth Amendment because a vague statute does not provide sufficiently ascertainable standards from which a reasonably prudent man could form a belief in the guilt of the accused.
In James the Supreme Court construed the following ordinance and held it void for vagueness:
"`Between the hours of 1 and 5 o'clock A.M. it shall be unlawful for any person to roam or be upon any street, alley or public place, without having and disclosing a lawful purpose.'" 251 Or. at 9, 444 P.2d at 554.
The court held that the phrase "without * * * disclosing a lawful purpose," allowed "arrests on suspicion" and that
"* * * Since the conduct manifesting an `unlawful purpose' need not manifest a purpose to commit a specific crime, the officer is authorized to arrest if the conduct suggests to him that the suspect has in mind the commission of some type of crime, even though the officer does not know what crime the suspect has in mind. * * *" 251 Or. at 13, 444 P.2d at 556.
The court held the ordinance vague because it invites arbitrary and discriminatory enforcement and because
"* * * To sustain the ordinance in question would be to allow a crime to be defined so as to render the requirement *690 of probable cause to effect a valid arrest an illusory protection. * * *" 251 Or. at 14, 444 P.2d at 557.
In City of Portland v. White, 9 Or. App. 239, 495 P.2d 778, Sup.Ct. review denied (1972), this court construed an ordinance which prohibited loitering and prowling in a manner that warrants alarm. The court held that "* * * The terms `loiter' and `prowl' standing alone are so elastic that men of common intelligence must necessarily guess their meaning. * * *," 9 Or. App. at 242, 495 P.2d at 779, and that the narrowing language "in a manner not usual for law abiding persons under circumstances that warrant alarm" was subject to the same infirmities as the "without * * * disclosing a lawful purpose" ordinance language in James.
In State v. Debnam, 23 Or. App. 433, 434, 542 P.2d 939 (1975), this court held a statute prohibiting loitering
"* * * in or near a school building * * *, not having any reason or relationship involving custody of or responsibility for a student, or, upon inquiry by a peace officer or school official, not having a specific, legitimate reason for being there * * *,"
unconstitutionally vague because the
"* * * mere presence of a person in or near a school grounds for a purpose not related to the custody or responsibility of a student does not necessarily manifest a purpose to commit a specific crime. * * *" 23 Or. App. at 436-37, 542 P.2d at 941.
These Oregon cases have developed the requirement that a criminal enactment, when it purports to proscribe vaguely described activity like loitering, must modify or circumscribe the vaguely described activity by reference to specific or nonvague conduct. The requirement that the vaguely described activity be circumscribed by reference to specific conduct is fulfilled when the reference is to an already existing nonvague criminal enactment or when the enactment itself delineates in its modifying language a specific nonvague offense.
We conclude that Section 14.24.050 of the Code of the City of Portland meets the Oregon requirement. The ordinance prohibits loitering "in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring" an act of prostitution. The term "solicit" includes inducing and enticing (Webster's Third New International Dictionary 2169 (unabridged ed 1971)), and "procuring" adds nothing to the central prohibition against "soliciting." The phrase "solicitation of prostitution," though certainly ductile, is not vague in a legal sense and the activity it describes is prohibited by state law. ORS 167.007, 161.435. The fact that an anomaly is created in the law of attempts when the specific crime which circumscribes the vaguely described activity is in inchoate offense does not affect the constitutionality of the enactment.
Our holding that this ordinance is not unconstitutionally vague is supported by case law in other jurisdictions upholding similar and less specific ordinances. See, e.g., State ex rel. Williams v. City Court of Tucson, 21 Ariz. App. 489, 520 P.2d 1166 (1974) (loiter for the purpose of begging); State v. Armstrong, 282 Minn. 39, 162 N.W.2d 357 (1968) (loiter with intent to solicit prostitution or any other act prohibited by law); People v. Willmott, 67 Misc.2d 709, 324 N.Y.S.2d 616 (J.Ct. 1971) (loiter to solicit deviate sexual intercourse); Seattle v. Jones, 79 Wash.2d 626, 488 P.2d 750 (1971) aff'g 3 Wash. App. 431, 475 P.2d 790 (1970) (upholding the use of the same language as Section 14.24.050); contra, People v. Gibson, 184 Colo. 444, 521 P.2d 774 (1974) (loiter to solicit deviate sexual intercourse).
Defendant's other assignments of error are not substantial. The warnings required by Miranda v. Arizona, supra, are only required to be given to one who "has been taken into custody or otherwise deprived of his freedom of action in any significant way" (384 U.S. at 444, 86 S.Ct. at 1612)  circumstances which normally create a coercive environment. In this case the child was questioned outside the police *691 car by officers sitting in the car. There are no circumstances indicating that she could not have walked away at will. Her statements were properly admitted. State v. Travis, 250 Or. 213, 441 P.2d 597 (1968); State ex rel. Juv. Dept. v. Damrill, 14 Or. App. 481, 513 P.2d 1210 (1973).
While we might not agree that the child's activity prior to her admissions proves beyond a reasonable doubt that she was loitering to solicit prostitution, her activity taken together with the admissions provides a sufficient basis for finding beyond a reasonable doubt that she violated the ordinance.
Defendant also argues that, because one of the circumstances which may be considered in determining whether a purpose to solicit prostitution is manifested is the beckoning of male passersby, the ordinance discriminates on the basis of sex. The ordinance does not discriminate on the basis of sex because any person who loiters to solicit any other person to commit an act of prostitution may be convicted for a violation of the ordinance.
Affirmed.
NOTES
[1] ORS 419.476(1)(a) provides in pertinent part:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
"(a) Who has committed an act which is a violation * * * of a law or ordinance of the United States or a state, county or city * * *."
[2] Amsterdam, Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L. Rev. 67 (1960).