Susan M. FORD, a/k/a Susan M.
Keough, Appellant,

v.

UNITED STATES, Appellee.

No. 83–1107.

District of Columbia Court of Appeals.
Argued Dec. 11, 1984.
Decided Sept. 23, 1985.

Peter G. Kuh, for appellant.

Edward C. McGuire, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Richard A. Kaplan, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and BEL-SON and TERRY, Associate Judges.

BELSON, Associate Judge:

Appellant seeks review of her conviction, after a bench trial, of sexual solicitation, D.C.Code § 22–2701 (1984 Supp.), contending that the evidence was insufficient to support the conviction and that the statute is unconstitutionally vague. We hold that the evidence adduced was sufficient for conviction and the statute is not unconstitutionally vague.

I

Two police officers seated in an unmarked parked car at the corner of 14th and L Streets, N.W., observed appellant on April 29, 1983. At approximately 2:30 a.m., appellant and another woman exited a pick-up truck driven by a male and entered a drug store. Shortly thereafter, appellant and her companion left the drug store, walked down 14th Street, and waved over an automobile driven by a man. That car drove off after the driver conversed with appellant. Appellant then approached some men in business suits and started to speak to them. The men soon walked off. Appellant next waved and hollered "hey" or "hey, babe," in the direction of passing male motorists. For approximately an hour and a half, until the police officers arrested appellant, appellant repeated this pattern of approaching male pedestrians and calling out at male motorists. Appellant was at times by herself or with another woman, at other times with groups of women who were walking up to passing men and waving cars over. Appellant conversed with 15 to 20 pedestrians and the drivers of four or five cars. At no time did appellant hail a taxicab, attempt to get on a bus, or signal with her thumb to hitchhike. The police officers did not hear any of the conversations between appellant and the pedestrians and motorists. One of the police officers testified that the area of 14th

and L Streets, N.W., is the nucleus of an area of prostitution. After appellant and her friend stopped a male motorist and spoke with him, appellant's companion got into the car and he drove away. Thereafter, at approximately 4:00 a.m., the officers arrested appellant.

## II

Appellant was prosecuted under D.C. Code § 22–2701 (1984 Supp.). The Council of the District of Columbia amended this statute on December 10, 1981, D.C.Law 4–57, by adding the italicized language:

**Inviting for purposes of prostitution prohibited.**

It shall not be lawful for any person to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading, any person or persons 16 years of age or over in the District of Columbia, for purpose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than *$300* or imprisonment for not more than 90 days, or both. *Inviting, enticing, or persuading, or addressing for the purpose of inviting, enticing, or persuading for the purpose of prostitution includes, but is not limited to, remaining or wandering about a public place and: (1) Repeatedly beckoning to, repeatedly stopping, repeatedly attempting to stop, or repeatedly attempting to engage passers-by in conversation; (2) stopping or attempting to stop motor vehicles; or (3) repeatedly interfering with the free passage of other persons; for the purpose of prostitution.*[1]

Appellant contends that the evidence was insufficient to support a conviction under § 22–2701, asserting that the government did not present evidence sufficient to estab-

lish her intent to solicit for the purpose of prostitution.

■■■ When evaluating a claim of insufficiency of evidence, we must review the evidence in the light most favorable to the government, recognizing the factfinder's role in weighing the evidence, determining the credibility of witnesses, and drawing justifiable inferences from the evidence. *E.g., United States v. Covington,* 459 A.2d 1067, 1070–71 (D.C.1983) (quoting *United States v. Hubbard,* 429 A.2d 1334, 1337–38 (D.C.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981); *Sousa v. United States,* 400 A.2d 1036, 1043 (D.C.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979); *Byrd v. United States,* 388 A.2d 1225, 1229 (D.C.1978)). We make no distinction on review between direct and circumstantial evidence, *Covington, supra,* 459 A.2d at 1071, and a conviction may rest solely upon circumstantial evidence. *Chaconas v. United States,* 326 A.2d 792, 797 (D.C.1974). The prosecution need not negate every possible inference of innocence. *Dyson v. United States,* 450 A.2d 432, 436 (D.C.1982).

■■■ The government proffered evidence sufficient for a finding of guilt beyond a reasonable doubt. Appellant was dropped off at 2:30 a.m. in an area known for solicitation of prostitution. Repeatedly, for an hour and a half, appellant approached only male pedestrians and male motorists. She waved and beckoned to passing motorists, but never attempted to hail a cab or to board a bus. She did not hand out leaflets or conduct a survey. The absence of direct proof that appellant spoke words of solicitation is not fatal to the government's case. Our precedents have not required proof of particular words of solicitation, but have permitted the fact-

---

**1.** The Council also specified definitions for the terms "prostitution" and "public place":

(1) "Prostitution" means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee.

(2) "Public place" means any street, sidewalk, bridge, alley, plaza, park, driveway, parking lot, transportation facility, or the doorways and entrance ways to any building which fronts on any of these locations, or a motor vehicle in or on any such place.

D.C.Code § 22–2701.1 (1984 Supp.).

finder to review the totality of the circumstances:

> To establish the offense [of solicitation] it is not necessary to prove any particular language or conduct. Ordinarily it is a question of fact whether the acts and words of the defendant, viewed in the light of surrounding circumstances, constitute the inviting or enticing prohibited by the Act.

*Curran v. United States*, 52 A.2d 121, 122 (D.C.1947); *Eissa v. United States*, 485 A.2d 610, 612 (D.C.1984) (unnecessary for government to prove any particular language or conduct); *Dinkins v. United States*, 374 A.2d 292, 296 (D.C.1977) (en banc) (same). *See also People v. Smith, supra*, 44 N.Y.2d 613, 621–22, 378 N.E.2d 1032, 1036–37, 407 N.Y.S.2d 462, 467 (1978) (probable cause to arrest even if no direct solicitation overheard; conviction upon circumstantial evidence when facts inconsistent with innocence).

■■ In our review we are especially mindful that to warrant conviction the evidence must have been sufficient to sustain a finding beyond a reasonable doubt that appellant's conduct was for the purpose of prostitution. In amending D.C.Code § 22–2701 in 1981, the Council explained that it added the enumerated conduct to "clarify" that such conduct is "included in the broad range of prohibited conduct *when engaged in for the purpose* of prostitution." COMMITTEE ON THE JUDICIARY, COUNCIL OF THE DISTRICT OF COLUMBIA, Bill No. 4–184, The "Control of Prostitution and Sale of Controlled Substances in Public Places Criminal Control Act of 1981," at 4 (July 22, 1981) [hereinafter cited as LEGISLATIVE HISTORY] (emphasis added). The legislative history indicated that the purpose requirement remains a separate element that the government must prove. The General Counsel of the District of Columbia Council explained to the Council his understanding that the amended statute "requires a finding of the underlying intent to commit a criminal act, just as existing law does." Memorandum from Lawrence

H. Mirel, General Counsel, to David C. Clarke, Chairman, Judiciary Committee, on Bill No. 4–184 (Apr. 8, 1981).

■■ Needless to say, the factfinder may not presume that a defendant had the intent to invite for the purpose of prostitution merely because the government has proven that the defendant has committed one or more of the acts enumerated in the statute (repeated beckoning, stopping, interfering, etc.). The factfinder must, instead, consider such conduct in light of the surrounding circumstances to determine whether the government has proved purpose beyond a reasonable doubt. This is a finding of the sort that factfinders are called upon frequently to make. Here the trial judge found adequate the government's proof of appellant's purpose. Having reviewed the record, we hold that the evidence was sufficient to support that finding.

### III

Appellant contends that § 22–2701 is unconstitutionally vague, citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The government responds that our decision in *Hawkins v. United States*, 105 A.2d 250, 252 (D.C.1954), that rejected a vagueness attack upon the former soliciting statute, D.C.Code § 22–2701 (1951), mandates repudiation of appellant's challenge to the amended, more specific statute. *See also Eissa v. United States*, 485 A.2d 610, 612 (D.C.1984) (vagueness challenge to D.C. sexual solicitation statute—not referring to language of 1981 amendment—rejected, citing *Hawkins, supra*); *Riley v. United States*, 298 A.2d 228, 230–32 (D.C.) (vagueness challenge to words "immoral or lewd purpose" in D.C. sexual solicitation statute rejected), *cert. denied*, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973). We agree with the government that the amended statute is not unconstitutionally vague.

■■ A statute is impermissibly vague if it "fails to give a person of ordinary intelligence fair notice that his contem-

plated conduct is forbidden by the statute' ... and ... encourages arbitrary and erratic arrests and convictions." *Papachristou, supra,* 405 U.S. at 162, 92 S.Ct. at 843 (quoting *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954); citing *Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon v. Lowry,* 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937)); *see also Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). When a statute does not implicate a substantial amount of constitutionally protected conduct, the statute is unconstitutional only if it is impermissibly vague in all of its applications. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Appellant does not claim that the statute implicates her First Amendment rights. *See Wood v. United States,* 498 A.2d 1140, (D.C.1985) (appellant's First Amendment rights not violated by § 22–2701). Furthermore, a party "to whose conduct a statute clearly applies is not entitled to attack it on the ground that its language might be less likely to give fair warning in some other situation not before the court." *Leiss v. United States,* 364 A.2d 803, 807 (D.C. 1976) (citing *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974)); *accord Hoffman Estates,* 455 U.S. at 495, 102 S.Ct. at 1191; *Sobin v. District of Columbia,* 494 A.2d 1272, 1274–75 (D.C. 1985).

■ Appellant, whose conduct revealed an intent to solicit for the proscribed purpose, was clearly put on notice of the illegality of her actions. The solicitation statute prohibits specified conduct for the *purpose* of prostitution. The legislative history explains that the statute as amended "does not authorize the arrest of a person based on simple loitering. Rather, it requires the wandering plus additional objective conduct evincing that the observed activity is for the purpose of prostitution." LEGISLATIVE HISTORY, *supra,* at 4; *see also People v. Smith,* 44 N.Y.2d at 621, 378 N.E.2d at 1036, 407 N.Y.S.2d at 466 (loitering not a sufficient basis for arrest unless for purpose of prostitution); *City of Akron v. Massey,* 56 Ohio Misc. 22, 381 N.E.2d 1362 (1978) (police discretion constrained by delineation of overt conduct that indicates when loitering is for purpose of prostitution). Such a "scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Hoffman Estates,* 455 U.S. at 499, 102 S.Ct. at 1193 (footnote omitted); *see also City of Seattle v. Jones,* 79 Wash.2d 626, 488 P.2d 750 (1971) (en banc) (prostitute-loitering ordinance that set forth examples of some of the types of conduct that could be considered in determining whether unlawful purpose or intent as manifested was sufficiently clear that persons of reasonable understanding were not required to guess at meaning).

■ Moreover, for the same reasons, the statute does not encourage arbitrary enforcement. The specific listing of conduct and the purpose requirement provide more than "minimal guidelines" to law enforcement officers. *See Kolender v. Lawson,* 461 U.S. at 358, 103 S.Ct. at 1858.

■ Similar solicitation statutes have been upheld by other state courts.[2] A New

---

2. *Short v. City of Birmingham,* 393 So.2d 518 (Ala.Crim.App.1981); *Lambert v. City of Atlanta,* 242 Ga. 645, 250 S.E.2d 456 (1978); *City of South Bend v. Bowman,* 434 N.E.2d 104 (Ind.Ct. App.1982); *State v. Armstrong,* 282 Minn. 39, 162 N.W.2d 357 (1968); *People v. Smith, supra,* 44 N.Y.2d 613, 378 N.E.2d 1032, 407 N.Y.S.2d 462; *City of Akron v. Massey, supra,* 56 Ohio Misc. 22, 381 N.E.2d 1362; *In re D.,* 27 Or.App. 861, 557 P.2d 687 (1976), *appeal dismissed sub nom. D. v. Juvenile Dep't of Multnomah County,*

434 U.S. 914, 98 S.Ct. 385, 54 L.Ed.2d 271 (1977) (want of substantial federal question); *City of Seattle v. Jones, supra,* 79 Wash.2d 626, 488 P.2d 750; *City of Milwaukee v. Wilson,* 96 Wis.2d 11, 291 N.W.2d 452 (1980); *see also* Annot., 77 A.L. R.3d 519, § 4[a] (1977).

Other solicitation statutes have been held unconstitutional. These statutes contain infirmities not present here, such as punishment of the status of being a prostitute, or lack of a requirement of an overt act. *Brown v. Municipality of*

York decision, *People v. Smith, supra,* 44 N.Y.2d 613, 378 N.E.2d 1032, 407 N.Y.S.2d 462, is most instructive. The New York Court of Appeals upheld an almost identical solicitation statute against a vagueness argument. *Id.* That court compared the New York solicitation statute to less specific vagrancy statutes previously held vague:

> [the] distinctive characteristic [of the solicitation statute] is the delineation of specific conduct, in addition to the loitering, which the arresting officer must observe. Thus, the [solicitation] statute explicitly limits its reach to loitering of a demonstrably harmful sort, i.e., loitering for the purpose of committing a specific offense.

*Id.* at 620, 378 N.E.2d at 1035, 407 N.Y.S.2d at 466. The court went on to explain why the statute did not lend itself to the arbitrary and erratic arrests that may recur under an impermissibly vague statute, pointing out that

> based on particulars obvious to and discernible by any trained law enforcement officer, it would be a simple task to differentiate between casual street encounters and a series of acts of solicitation for prostitution, between the canvass of a female political activist and the maneuvers of a Times Square prostitute.

*Id.* at 621, 378 N.E.2d at 1036, 407 N.Y.S.2d at 467.

Another solicitation ordinance similar to the District's withstood constitutional scrutiny in *In re D., supra* note 2, 27 Or.App. 861, 557 P.2d 687.[3] The Oregon ordinance fulfilled the requirement that a criminal enactment that "purports to proscribe vaguely described activity like loitering, must modify or circumscribe the vaguely described activity by reference to specific or nonvague conduct." *Id.* at 866, 557 P.2d at 690. There, as here, the requirement was met by reference to the purpose of soliciting in prostitution.

The District of Columbia solicitation statute in question here, because it requires that conduct be for the purpose of prostitution and because it provides that objective criteria must be present in order to support a conviction, is not void for vagueness. We find no error, therefore, in the denial of appellant's pretrial motion to dismiss the information by reason of the asserted vagueness of the statute.

*Affirmed.*

---

*Anchorage,* 584 P.2d 35 (Alaska 1978) (statute permitted conviction of known prostitute who had not committed any overt act); *People v. Gibson,* 184 Colo. 444, 521 P.2d 774 (1974) (en banc) (loitering not coupled with any other overt conduct); *City of Detroit v. Bowden,* 6 Mich.App. 514, 149 N.W.2d 771 (1967) (no purpose requirement; improper conclusive presumption from "known prostitute or known panderer"); *Profit v. City of Tulsa,* 617 P.2d 250 (Okla.Crim.App.1980) (status of "known prostitute or known pimp" an element of offense).

**3.** The Supreme Court dismissed the appeal in that case for want of a substantial federal question. *D. v. Juvenile Dep't of Multnomah County,* 434 U.S. 914, 98 S.Ct. 385, 54 L.Ed.2d 271 (1977). Such a disposition constitutes a decision on the merits on federal constitutional issues raised. *Hicks v. Miranda,* 422 U.S. 332, 343–45 & n. 14, 95 S.Ct. 2281, 2288–89 & n. 14, 45 L.Ed.2d 223 (1975). The party in *In re D.* raised the vagueness issue. *People v. Smith,* 44 N.Y.2d at 623 n. 3, 378 N.E.2d at 1037 n. 3, 407 N.Y.S.2d at 468 n. 3.