STATE OF NORTH CAROLINA v. DEBBIE DEMOTT

No. 7418SC961

(Filed 21 May 1975)

1. Prostitution § 1— constitutionality of statutes

   G.S. 14-203 defining prostitution and G.S. 14-204 providing that prostitution and various acts abetting prostitution are unlawful are constitutional.

State v. Demott

2. **Criminal Law § 7— entrapment — insufficiency of evidence**

   The State's evidence did not establish entrapment as a matter of law in a prostitution case, and the question was properly left for determination by the jury.

3. **Constitutional Law § 34; Criminal Law § 26— one act of prostitution — multiple statutory offenses — no double jeopardy**

   Where defendant was charged with occupying a place with reasonable cause to know it was to be used for the purpose of prostitution, inviting a person to a place with knowledge that the purpose of such inviting was prostitution, and entering a place for the purpose of prostitution, defendant's constitutional guaranty against multiple punishments for the same offense was not violated, though the three charges grew out of the same transaction, since a bilateral application of the facts required to prove any one of the charges would not necessarily prove either of the others.

4. **Criminal Law § 140; Prostitution § 2— fragmentation of offense into multiple offenses — separate punishment for each violation improper**

   Where the Legislature by enacting G.S. 14-204 fragmented the offense of offering the body for sexual hire into multiple substantive offenses, the purposes of such fragmentation were (1) to punish those who, at any stage, engage in the promotion of the enterprise and (2) to make it possible to obtain convictions where, given the nature of the activity, they would otherwise be most difficult to obtain, and the purpose was not to pyramid the punishment; therefore, where defendant was convicted of violations of three sections of G.S. 14-204 and punished separately upon each conviction, judgment is arrested in two of the cases.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 1 August 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 February 1975.

Defendant was tried on three warrants charging violations of three subsections of G.S. 14-204: "(2)," occupying a place with reasonable cause to know it was to be used for the purpose of prostitution; "(4)," inviting a person to a place with the knowledge that the purpose of such inviting is prostitution; "(6)," entering a place for the purpose of prostitution.

The State's evidence tended to show the following.

On the afternoon of 4 January 1974, Robert Gray, an agent of the State Bureau of Investigation, made four telephone calls to defendant at her apartment for the purpose of soliciting defendant to agree to engage in an act of prostitution with him. At approximately 4:30 p.m. Gray telephoned defendant, identified himself as Joe Robbey, and said that he understood that she gave companionship. She replied that she did not give companion-

ship. Gray then said, "call it business or what you like." That conversation terminated when defendant told Gray that she was supposed to have a date to go to a basketball game but that he could call her later.

Gray telephoned defendant again at about 5:20 p.m. He then told her that he worked for an insurance company in Philadelphia, was visiting the Greensboro area, and had been given her name by a mutual friend. Defendant told Gray that she had to be careful since she had recently been "busted" and asked him to call her back a third time.

At 5:45 p.m. Gray placed another call to defendant and asked her, "Do you want to do business?" She replied in the affirmative, but said that her hair was wet and that Gray should call her about 6:30 p.m. in order to set the time. During this conversation defendant asked if their mutual friend who gave Gray defendant's name had mentioned the price. Gray replied that he understood their friend to have said something about $100.00. Defendant responded affirmatively. Defendant made a fourth phone call at 6:35 p.m. and the two agreed to meet at a Hardee's restaurant so that defendant could direct Gray to her apartment.

They met at about 7:30 p.m. as planned and Gray followed defendant to her apartment where he entered at her invitation. Shortly after their arrival, defendant had a telephone conversation in which she said, "I've got a cop in the living room and leave it to a woman's intuition I think I'm going to be busted tonight."

Thereafter, defendant told Gray that he was too young to have to buy a woman and suggested that the two just talk. Gray replied that he had just arrived in town and did not have time to waste going out to try to find a woman. Defendant gave Gray a soft drink and the two talked until about 9:00 p.m. when a female named Jan came into the apartment. During the conversation that followed Jan said that she thought Gray was a "cop." Gray again denied this and told them he was just a businessman.

About 9:20 p.m. Gray told defendant that he was tired and they were "either going to do business or not." Defendant replied, "Well, we will." The pair entered the bedroom. Gray took out his wallet whereupon defendant asked, "Why are you doing that." Gray asked, "Well, do you take credit?" Defendant just

laughed and Gray returned the wallet to his pocket. The pair then undressed and defendant got in the bed. Gray left the bedroom and signaled other officers who were waiting outside the apartment. Defendant was then arrested.

Defendant had previously been arrested at the same apartment on a charge of prostitution. She was convicted on that charge on 18 December 1973.

The jury found defendant guilty as charged and judgments imposing three consecutive sentences of imprisonment were entered.

*Attorney General Edmisten, by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Chambers, Stein, Ferguson and Lanning, by Jim Fuller, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that the prostitution statute is unconstitutional on its face for vagueness and overbreadth. G.S. 14-203 defines "prostitution" as follows:

"The term 'prostitution' shall be construed to include the offering or receiving of the body for sexual intercourse for hire, and shall also be construed to include the offering or receiving of the body for indiscriminate sexual intercourse without hire. The term 'assignation' shall be construed to include the making of any appointment or engagement for prostitution or any act in furtherance of such appointment or engagement."

The statute under which defendant was tried is as follows:

"14-204. Prostitution and various acts abetting prostitution unlawful.—It shall be unlawful:

(1) To keep, set up, maintain, or operate any place, structure, building or conveyance for the purpose of prostitution or assignation.

(2) To occupy any place, structure, building, or conveyance for the purpose of prostitution or assignation; or for any person to permit any place, structure, building or conveyance owned by him or under his control to be used

for the purpose of prostitution or assignation, with knowledge or reasonable cause to know that the same is, or is to be, used for such purpose.

(3) To receive, or to offer or agree to receive any person into any place, structure, building, or conveyance for the purpose of prostitution or assignation, or to permit any person to remain there for such purpose.

(4) To direct, take, or transport, or to offer or agree to take or transport, any person to any place, structure, or building or to any other person, with knowledge or reasonable cause to know that the purpose of such directing, taking, or transporting is prostitution or assignation.

(5) To procure, or to solicit, or to offer to procure or solicit for the purpose of prostitution or assignation.

(6) To reside in, enter, or remain in any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution or assignation.

(7) To engage in prostitution or assignation, or to aid or abet prostitution or assignation by any means whatsoever."

At trial, defendant did not raise any question about the constitutionality of the statute. Nevertheless, we have considered the arguments set out in her brief on this question and find those arguments without merit.

[2]   Defendant contends that the cases should have been dismissed because the State's own evidence discloses entrapment as a matter of law.

"Entrapment is a defense and prosecution is barred only when it is established that the criminal intent started in the mind of the officer or agent of the State and by him was implanted in the *innocent* mind of the accused, luring him into commission of an offense which he would not otherwise have committed. In this State the burden is on the defendant to establish the defense of entrapment to the satisfaction of the jury." (Emphasis added.) *State v. Salame,* 24 N.C. App. 1, 7, 210 S.E. 2d 77, 81.

The State's evidence did not establish entrapment as a matter of law. The question was properly left for determination by

the jury under instructions to which no exceptions are brought forward on appeal.

[3]   Defendant contends that she has been convicted more than once for the same offense in violation of her constitutional guaranty against double jeopardy.

The Legislature by enacting G.S. 14-204 "has set forth in six paragraphs definitions in minute detail of numerous substantive offenses, in the main—specific acts pertaining to aiding and abetting prostitution or assignation. And then the Legisláture set forth the all-inclusive section which reads: '7. To engage in prostitution or assignation, or to aid or abet prostitution or assignation by any means whatsoever.'" *State v. Cox,* 244 N.C. 57, 59, 92 S.E. 2d 413, 415.

The evidence here is that on the evening of 4 January 1974, defendant, for the purpose of prostitution, gave the agent directions to the apartment where she lived, entered the apartment with him, and there offered her body to him for sexual intercourse for the sum of $100.00, all at the agent's request. This evidence is evidence of defendant's guilt of violating the three subsections with which she was charged, and possibly others.

For example, the violation of 14-204(4) was complete when she directed and invited the agent to her apartment for prostitution, the violation of 14-204(6) was complete when she entered her apartment with him for that purpose and, after entering her apartment, she violated 14-204(2) by occupying it for the purpose of prostitution.

The allegations in warrants charging violations or subsections (2), (4) and (6) can be, as here, so cast that neither offense is made an essential element of any other. Here, neither warrant relies on the elements of the offense charged in either of the others. Although the three statutory charges grew out of the same transaction, a bilateral application of the facts required to prove any one of the charges would not necessarily prove either of the others. Defendant's constitutional guaranty against multiple punishments for the same offense has not been violated.

Although not suggested by either party on appeal, we believe there is a reason to modify the judgments entered in the Superior Court when the spirit and intent of the statute is considered.

[4] The statute seeks to punish those who offer their bodies for sexual intercourse for hire and to punish those who, by any means, knowingly aid and promote that activity. The enterprise sought to be proscribed, the offering of the body for hire, has been fragmented into multiple substantive offenses. This fragmentation serves the laudable purpose of not only punishing those who, at any stage, engage in the promotion of the enterprise, but is an obvious prosecutorial aid to those whose responsiblity it is to suppress the vice.

Although the defendant here could have been convicted under even more of the foregoing sections, we do not believe it to have been the legislative intent that she be separately and cumulatively punished under three of them for her conduct with agent Gray on the evening in question. As a practical matter anyone who has violated subsection (7) of G.S. 14-204, which is the gravamen of defendant's offensive conduct, has most likely, in the process of doing so, violated one or more of the other subsections of the statute.

The Legislature, by making each step taken in furtherance of the vice of offering the body for sexual hire a separate crime, has made it possible to obtain convictions where, given the nature of the activity, they would otherwise be most difficult to obtain. It punishes all who aid and abet prostitution by the means set out in the statute or by "any means whatsoever" to the same extent that it punishes those who offer their bodies for that purpose. We believe that this was what the Legislature sought to accomplish rather than to pyramid the punishment. Accordingly, on the facts of these cases, involving this particular statute, we arrest judgment in two of the cases and allow the third to stand.

In No. 74CR21709—No error.

In No. 74CR21710—Judgment arrested.

In No. 74CR21711—Judgment arrested.

Judges MARTIN and ARNOLD concur.