**CITY OF SOUTH BEND, Ind.,**
**Plaintiff-Appellant,**

v.

**Bonnie BOWMAN, Defendant-Appellee.**

**CITY OF SOUTH BEND, Ind.,**
**Plaintiff-Appellant,**

v.

**Geneva JONES, Defendant-Appellee.**

**No. 3–1081A280.**

Court of Appeals of Indiana,
Third District.

April 21, 1982.

Richard L. Hill, City Atty., James A. Masters, Deputy City Atty., South Bend, for plaintiff-appellant.

HOFFMAN, Presiding Judge.

These five cases, which have been consolidated for appeal, were all initiated in the St. Joseph Superior Court, Traffic and Misdemeanor Division, for alleged violations of Chapter 13, Article 4, Section 13–55.1 of the South Bend Municipal Code, which prohibits "Loitering for Solicitation." In each cause, motions to dismiss were filed challenging the constitutionality of the ordinance. The trial court issued its order dated April 16, 1981, declaring the ordinance to be unconstitutionally vague and granting the motions to dismiss. The City of South Bend has appealed the decision of the trial court and presents as the sole issue for our review, whether the South Bend ordinance proscribing "Loitering for Solicitation" is unconstitutionally vague or overbroad.

It should first be noted that no appellee's brief was filed. When the appellee fails to file a brief, the Court of Appeals may reverse if the appellant makes a prima facie showing of reversible error. *Underwood v. Donahue* (1981), Ind.App., 423 N.E.2d 722.

The ordinance in question reads as follows:

Section 13–55.1 *Loitering for Solicitation; enforcement procedure; definitions; penalty.*

(a) It shall be unlawful for any person to loiter or remain in a public place in a manner and under circumstances manifesting the purpose of engaging, or soliciting another person to engage in sexual activity. The circumstances which may be considered in determining whether such purposes are manifested are: that

such person is a known prostitute or panderer, repeatedly beckons to, stops or attempts to stop passerby, or engages passerby in conversation, or repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any other bodily gestures.

(1) No arrest shall be made, or no citation shall be issued, for a violation of this section unless the arresting officer, by direct demand, first affords such person an opportunity to explain such conduct.

(2) No person shall be convicted of a violation of this section if the arresting officer does not comply with the preceding subsection or if it appears at trial that the explanation offered was true and disclosed a lawful purpose.

(b) Definitions. As used in this section:

(1) 'Known prostitute or panderer' means a person who, within one (1) year previous to the date of an arrest or issuance of a citation for a violation of this section, has to the knowledge of the arresting officer, been convicted of a violation of any ordinance of the City of South Bend or statute of the State of Indiana defining and punishing acts of prostitution, patronizing a prostitute, or promoting prostitution.

(2) 'Loitering' means remaining idle in essentially one place and shall include the concepts of spending time idly, loafing or walking about aimlessly.

(3) "Public place" means an area, either publicly owned or to which the public has access, where offenses relating to sexual conduct are known to have been committed.

(4) 'Sexual activity' or 'sexual conduct' means acts of prostitution, patronizing a prostitute, or promoting prostitution as such acts are proscribed and defined by Indiana Code 35–45–4–2, 35–45–4–3 and 35–45–4–4, or as these statutes hereafter shall be amended.

(c) Penalties. Any person who violates this section shall be subject to a fine of one hundred fifty dollars ($150.00) upon conviction of a first offense. Any person who is convicted of a second violation of this section within a one-year period shall be subject to a fine of two hundred fifty dollars ($250.00). Any person who is convicted of a third or subsequent violation of this section within a one-year period shall be subject to a fine of not less than three hundred fifty dollars ($350.00) nor more than one thousand dollars ($1,000.00). Each day that a violation occurs shall be considered as a separate offense."

█ Any statute or enactment comes before the court clothed with a presumption of constitutionality and every doubt raised must be resolved in favor of its validity. *Steup v. Indiana Housing Finance Authority* (1980), Ind., 402 N.E.2d 1215. It is the duty of the court to adopt any reasonable construction which favors constitutionality. *Evansville-Vanderburgh, etc., et al. v. Kamp, etc.* (1960), 240 Ind. 659, 168 N.E.2d 208. The party challenging the constitutionality of an otherwise valid enactment bears the burden of persuasion in the trial court and on appeal. *Shettle v. McCarthy* (1981), Ind., 423 N.E.2d 594. The appellees have not met their burden.

█ Since this is a case of first impression, it is helpful to look to other jurisdictions which have dealt with like or similar enactments. *Witherspoon v. Salm* (1969), 251 Ind. 575, 243 N.E.2d 876; *Ross v. Schubert* (1979), Ind.App., 388 N.E.2d 623.

In 1976, the Court of Appeals of Oregon ruled upon the constitutionality of an ordinance very similar to the one now before us in *Matter of D* (1976) 27 Or.App. 861, 557 P.2d 687, *appeal dismissed sub. nom D. v. Juvenile Dept. of Multnomah County* (1977) 434 U.S. 914, 98 S.Ct. 385, 54 L.Ed.2d 271. The Oregon ordinance, containing the same operative language that the St. Joseph court took issue with, provided:

" '(b) It is unlawful for any person to loiter in or near any street or public place *in a manner and under circumstances manifesting* the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution. Among the circumstances which may be con-

sidered in determining whether such purpose is manifested are that the person repeatedly beckons to, stops or attempts to stop, or engages male passersby in conversation, or who repeatedly stops or attempts to stop motor vehicle operators by hailing them or gesturing to them. No arrests shall be made for a violation of this subsection unless the arresting officer first affords the suspected person an opportunity to explain his or her conduct, and no one shall be convicted of violating this section if it appears at the trial that the explanation given was true and disclosed a lawful purpose.'" (Emphasis added.)

557 P.2d at 688–689.

The Oregon Court of Appeals upheld the ordinance against a challenge alleging vagueness. The United States Supreme Court agreed with the decision[1] by dismissing the appeal from it for want of a substantial federal question.[2]

Several other jurisdictions have also upheld similar enactments against vagueness challenges. *See, Short v. City of Birmingham* (1981), Ala.Cr.App., 393 So.2d 518; *People v. Smith* (1978) 44 N.Y.2d 613, 407 N.Y.S.2d 462, 378 N.E.2d 1032; *City of Akron v. Massey* (1978) 56 Ohio Misc. 22, 381 N.E.2d 1362; *City of Seattle v. Jones* (1971) 79 Wash.2d 626, 488 P.2d 750, *affirming* 3 Wash.App. 431, 475 P.2d 790 (1970); *City of Milwaukee v. Wilson* (1980) 96 Wis.2d 11, 291 N.W.2d 452.

The South Bend ordinance details specific, prohibited conduct in language that is sufficiently definite to give a person fair notice of the forbidden conduct. It also gives law enforcment officers clear and definite criteria to follow, thus avoiding arbitrary enforcement. The prohibited loitering is tied to the criminal purpose of soliciting. It does not authorize an arrest for simple loitering by a known prostitute or anyone else. We do not find the South

Bend ordinance to be unconstitutionally vague or overbroad, and believe the trial court erred in reaching such a decision. Therefore, the judgment is reversed.

Reversed.

CONOVER and RATLIFF, JJ., participating by designation, concur.

---

1. *D. v. Juvenile Dept. of Multnomah County* (1977) 434 U.S. 914, 98 S.Ct. 385, 54 L.Ed.2d 271.

2. "Votes to affirm summarily, and to dismiss for want of a substantial federal question, it

hardly needs comment, are votes on the merits of a case, . . . ." *Ohio ex rel. Eaton v. Price* (1959) 360 U.S. 246, at 247, 79 S.Ct. 978, at 979, 3 L.Ed.2d 1200.