STATE OF NORTH CAROLINA v. VANESSA ANN EVANS

No. 8414SC713

(Filed 5 March 1985)

1. **Prostitution § 1— loitering for the purpose of prostitution statute—not unconstitutionally vague or overbroad**

The loitering for the purpose of prostitution statute, G.S. 14-204.1, is not unconstitutionally vague since persons of ordinary intelligence would readily understand what illegal conduct is prohibited by the statute. Nor is the statute unconstitutionally overbroad since it requires proof of specific criminal intent.

2. **Prostitution § 1— loitering for purpose of prostitution—statute not unconstitutionally applied**

The loitering for the purpose of prostitution statute was not unconstitutional as applied because only female prostitutes and not their male customers were arrested since (1) defendant presented no evidence that customers did any of the repeated acts made punishable by the statute, and (2) it is well within the power of the legislature to punish the provider of sexual services and not the customer.

3. **Prostitution § 1— loitering for purpose of prostitution—statute not enforced unfairly in favor of male prostitutes**

Defendant failed to show that enforcement of the loitering for the purpose of prostitution statute unfairly discriminated in favor of male prostitutes, particularly male homosexuals, where defendant showed only that the police arrested a group of males at the time they arrested defendant and that a felony crime against nature charge against one male homosexual was dismissed, but

defendant failed to show that there was any pattern of discrimination in charg-
ing and prosecuting these cases. Furthermore, the statute empowers the police
to arrest persons loitering for purposes of violating prostitution or crime
against nature statutes, and the police indicated that they intended to continue
arresting and charging violators regardless of sex or sexual orientation.

**4. Prostitution § 2 — testimony of prior conviction or reputation — validity of stat-
ute**

The statute permitting the admission of testimony of a prior conviction or
of defendant's reputation in a prostitution related case, G.S. 14-206, does not
remove the presumption of innocence and deprive a defendant of due process
when the statute is interpreted to permit only relevant evidence. In this prose-
cution for loitering for the purpose of prostitution, testimony by police officers
that defendant was a "known prostitute" and had prior convictions for prosti-
tution was relevant to prove criminal intent and was thus admissible under
G.S. 14-206.

APPEAL by defendant from *McLelland, Judge*. Judgment en-
tered 12 March 1984 in DURHAM County Superior Court. Heard in
the Court of Appeals 15 February 1985.

Defendant was arrested for loitering for the purpose of pros-
titution, and appealed her conviction in district court to superior
court. The state's evidence tended to show that Durham police
had received numerous complaints about robbery, drug dealing
and prostitution in a commercial area of the city. Police under-
took covert and overt surveillance of the area and documented
the results. Their evidence indicated that defendant, who was
well known to the officers, frequently flagged down cars and
talked to their occupants. On several occasions defendant walked
to her apartment nearby, and the driver would follow and enter,
leaving shortly thereafter. Police talked to defendant on numer-
ous occasions, and she made statements to the effect that they
were interfering with "her business." On the night specified in
the warrant, police observed defendant flag down several cars
and one of the drivers she talked to followed her home.

The state also introduced evidence that defendant had two
prior arrests for prostitution and that she was a "known prosti-
tute." The commercial area under surveillance was frequented by
other known prostitutes, and police observed defendant in their
company on numerous occasions. The house defendant lived in
was known as a place where prostitutes lived. Defendant's arrest
was part of a group of approximately twenty vice-related arrests

of males and females. Police admitted that they did not arrest the identified drivers.

Defendant's evidence tended to show that the five-block area where her activities were documented was her residential neighborhood. The people there knew all about the "covert" operation, but had to talk to the officers to avoid harassment. They frequently joked with them. Defendant was in the area just "hanging around" with her friends. She denied involvement in, or knowledge of, prostitution; she was studying to be a beautician and working for her aunt.

The jury returned a verdict of guilty of loitering for the purpose of prostitution. Defendant received a six month sentence, work release recommended. She appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Walter M. Smith, for the State.*

*Gulley, Eakes and Volland, by Jane Elizabeth Volland, for defendant.*

WELLS, Judge.

At trial defendant raised numerous constitutional objections to the loitering for prostitution statutes. N.C. Gen. Stat. §§ 14-204.1, -206 (1981 and Cum. Supp. 1983).[1] These questions are therefore properly before this court. *State v. Hunter,* 305 N.C. 106, 286 S.E. 2d 535 (1982). Defendant brings forward no other assignments.

---

1. G.S. § 14-204.1 reads in full:

§ 14-204.1. Loitering for the purpose of engaging in prostitution offense.

(a) For the purposes of this section, "public place" means any street, sidewalk, bridge, alley or alleyway, plaza, park, driveway, parking lot or transportation facility, or the doorways and entrance ways to any building which fronts on any of those places, or a motor vehicle in or on any of those places.

(b) If a person remains or wanders about in a public place and (1) repeatedly beckons to, stops, or attempts to stop passers-by, or repeatedly attempts to engage passers-by in conversation; or (2) repeatedly stops or attempts to stop motor vehicles; or (3) repeatedly interferes with the free passage of other persons for the purpose of violating any subdivision of G.S. 14-204 or G.S. 14-177, that person is guilty of a misdemeanor and, upon conviction, shall be punished as for a violation of G.S. 14-204.

As the party challenging the constitutionality of the statutes, defendant bears a heavy burden. We presume that the statutes are constitutional, and resolve all doubts in favor of their constitutionality. *In re Housing Bonds*, 307 N.C. 52, 296 S.E. 2d 281 (1982); *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978). The applicable principles of construction are set out at length in *Banks* and need not be repeated here.

[1] Defendant attacks G.S. § 14-204.1 as violative of due process on vagueness and overbreadth grounds. A criminal statute is void for vagueness if it fails to provide fair notice of the conduct prohibited. *In re Banks, supra; State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981). No more than a reasonable degree of certainty is required, nor is it necessary that the statute describe exactly the point beyond which conduct becomes criminal. *In re Banks, supra; see Boyce Motor Lines v. United States*, 342 U.S. 337 (1952). None of the words in G.S. § 14-204.1 are difficult to understand. The key element is intent: that the loitering be "for the purpose of violating any subdivision of G.S. 14-204 or G.S. 14-177." G.S. § 14-204.1(b): (Engaging in prostitution or committing the crime against nature). The two other statutes referred to have been upheld against similar challenges and both proscribe conduct which has long been recognized as criminal. *See State v. Demott*, 26 N.C. App. 14, 214 S.E. 2d 781 (1975); *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843 (1979), *appeal dismissed*, 445 U.S. 947 (1980). Persons of ordinary intelligence would readily understand what illegal conduct was prohibited by G.S. § 14-204.1; therefore it is not unconstitutionally vague. *Id.; compare State v. Sanders*, 37 N.C. App. 53, 245 S.E. 2d 397 (1978) ("immoral purposes" too broad).

The real thrust of defendant's attack on the statute as written goes to its breadth. A statute may not control activity constitutionally subject to state regulation by sweeping unnecessarily broadly into areas of protected freedoms. *Zwickler v. Koota*, 389 U.S. 241 (1967). Mere presence in a public place cannot constitute a crime. *See Shuttlesworth v. Birmingham*, 382 U.S. 87 (1965). It is equally clear that some of the statutorily denounced acts, *e.g.*, engaging passers-by in conversation, would not by themselves ordinarily be constitutionally punishable. *Id.* The statute, however, does not stop there. Instead, it requires proof of specific criminal intent, the missing element in unconstitutional "status" offenses such as simple loitering. *See Wheeler v. Goodman*, 306 F. Supp.

58 (W.D.N.C. 1969) (declaring vagrancy statute unconstitutional), *vacated on procedural grounds*, 401 U.S. 987 (1971); *see also Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) (*dicta* suggesting that intent element would save vagrancy ordinance); *Screws v. United States*, 325 U.S. 91 (1945) (specific intent requirement makes otherwise overbroad statute constitutional).

American courts have overwhelmingly upheld enactments such as G.S. § 14-204.1 which include an element of criminal intent. *See* Annot., 77 A.L.R. 3d 519, § 4 (1977); Annot., 25 A.L.R. 3d 836, § 3 (Cum. Supp. 1984). Two cases from the Washington Supreme Court illustrate precisely the rationale applied. In *City of Seattle v. Drew*, 70 Wash. 2d 405, 423 P. 522 (1967), the court struck down an ordinance which criminalized "wandering abroad" without "satisfactory account." The City then amended the ordinance, adding the requirement that the loitering be "under circumstances manifesting" unlawful purpose. The court upheld the amended ordinance. *City of Seattle v. Jones*, 79 Wash. 2d 626, 488 P. 2d 750 (1971). The United States Supreme Court has approved a similar holding by dismissing for want of a substantial federal question. *Matter of D.*, 27 Or. App. 861, 557 P. 2d 687 (1976) ("under circumstances manifesting" unlawful purpose) *appeal dismissed sub nom. D. v. Juvenile Dept. of Multnomah County*, 434 U.S. 914 (1977); *see Eaton v. Price*, 360 U.S. 246 (1959) (per curiam) (dismissal for want of substantial federal question is dismissal on merits). Our statute is functionally equivalent to these enactments, since intent or purpose ordinarily must be shown by circumstantial evidence. Accordingly, we hold that the statute is not void for overbreadth.

Defendant challenges the statute as applied, on the grounds that police arrested (1) only female prostitutes and not their male customers, and (2) only female prostitutes, as opposed to male, particularly male homosexual, prostitutes. We note that all the statutes in question are facially gender neutral. We also note that the loitering statute under attack does proscribe loitering for the purpose of violating the crime against nature statute, and therefore covers all possible sexual combinations. *State v. Richardson*, 307 N.C. 692, 300 S.E. 2d 379 (1983), construed only the prostitution statutes, G.S. §§ 14-203, -204, and did not address crime

against nature. It therefore does not affect our consideration of this question.

Again, defendant must make a strong showing to succeed on these grounds. She must demonstrate not only the existence of a pattern of discrimination in the exercise of police or prosecutional discretion, but that such discrimination was intentional and deliberate, not based on any justifiable standard. *State v. Spicer*, 299 N.C. 309, 261 S.E. 2d 863 (1980); *Oyler v. Boles*, 368 U.S. 448 (1962).

[2] The first ground alleged is easily disposed of. Defendant was convicted of loitering for purposes of prostitution, not soliciting. She presented no evidence that *customers* did any of the *repeated* acts made punishable by the statute. Even if she had, it is well within the power of the legislature to punish the prostitute and provider of sexual services and not the customer. Our laws forbidding the dissemination, but not the possession, of pornographic material provide an apt analogy. N.C. Gen. Stat. § 14-190.1 *et seq.* (1981). It is the organized and repeated provision of such services, not their use by unorganized and casual individuals, that constitutes the most readily eradicable social evil. *People v. Superior Court, County of Alameda*, 56 Cal. App. 3d 608, 128 Cal. Rptr. 519 (1976), on which defendant relies, was overruled on precisely the same logic by the Supreme Court of California in *People v. Superior Court of Alameda County*, 19 Cal. 3d 338, 562 P. 2d 1315, 138 Cal. Rptr. 66 (1977) (discussing "pyramid" nature of vice trade) (writ of prohibition issued to block mandate of Court of Appeals). We have found no case authority for a contrary view. *See* 63A Am. Jur. 2d *Prostitution* § 5 (1984).

[3] Defendant's second argument is that the enforcement unfairly discriminates in favor of male prostitutes, particularly male homosexuals. The police did arrest a group of males (seven to ten in number) at the time they arrested defendant. This group included at least one male homosexual, but the court dismissed charges against him. The record does not reflect the charges against the other males or their disposition. Nor does it indicate precisely why the charges against the one identified male were dismissed: it appears that the state proceeded against him on fel-

ony crime against nature charges but could not prove penetration.[2]

Defendant has failed to carry her burden, since she has failed to make the necessary initial showing that there was any pattern of discrimination in charging and prosecuting these cases. *See State v. Spicer, supra.* At best, she has shown only that one person was unsuccessfully prosecuted on *felony* charges, which did not include misdemeanor loitering as a lesser included offense available when the state failed to prove penetration. On the other hand, the police indicated that they intended to continue arresting and charging violators regardless of sex or sexual orientation.

[4] Finally, defendant contends that evidence introduced under G.S. § 14-206 deprived her of due process of law. That statute allows admission of testimony "of a prior conviction" or concerning the defendant's reputation in prostitution related cases. Six police officers testified for the state; each identified defendant as a "known prostitute" and several testified to her prior convictions for prostitution. This evidence, contends defendant, unfairly removed the presumption of innocence.

Defendant does not contend that the legislature lacked the power to prescribe rules of evidence, nor would such a contention have merit. *State v. Barrett,* 138 N.C. 630, 50 S.E. 506 (1905) (legislature may constitutionally make otherwise innocent act, possession of quart of liquor, prima facie evidence of intent). In evidentiary matters, due process only requires some rational connection between proof and the ultimate issue, and that a defendant have a reasonable opportunity to submit all relevant facts in defense to the jury. *See Mobile, J & K.C.R. Co. v. Turnipseed,* 219 U.S. 35 (1910). While the United States Supreme Court has cautioned that courts must remain alert to attempts to dilute the presumption of innocence, *Estelle v. Williams,* 425 U.S. 501, *reh'g denied,* 426 U.S. 954 (1976), it also has refused to disapprove admission of a twenty-seven year old conviction on different charges

---

2. Charges should not necessarily have been dismissed under G.S. § 14-204.1. As noted above, G.S. § 14-204.1 clearly empowers police to arrest persons loitering for purposes of violating G.S. § 14-177. The title of G.S. § 14-204.1 might suggest a conflict to be construed in favor of defendants, *see State v. Richardson, supra,* but the language of the statute is clear and controls over the title. *State v. Cronin,* 299 N.C. 229, 262 S.E. 2d 277 (1980).

as evidence of reputation. *Michelson v. United States*, 335 U.S. 469 (1948).

Under North Carolina common law, evidence of other crimes is generally inadmissible, subject to certain well-defined exceptions. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Such evidence, if proffered, must be strictly scrutinized to ensure its relevance. *Id.* Similarly, reputation evidence must be allowed in with care to avoid confusion. *See* 1 H. Brandis, N.C. Evidence § 110 (1982); *compare* N.C. Gen. Stat. § 8C-1, Rule of Evidence 405, Commentary (Cum. Supp. 1983). We believe that G.S. § 14-206 represents a legitimate legislative decision to broaden these rules somewhat. The statute does not of course relieve the state of its burden of coming forward and proving its case beyond a reasonable doubt. Nor does the statute provide an "open door" for *any* evidence of other crimes or reputation; we do not believe the legislature intended thereby to remove entirely the trial judge's discretion to exclude irrelevant evidence. Evidence proffered on the state's case in chief under G.S. § 14-206 must remain relevant to the issues at hand.

In the present case, the police fully and accurately documented the overt acts necessary to support a conviction. The evidence proffered under G.S. § 14-206 thus came in to prove criminal intent. Although defendant had other prior convictions for property crime, the state brought out only her prior convictions for prostitution in its case in chief. The reputation testimony was limited solely to defendant's reputation for prostitution. While the reputation evidence may have been unnecessarily cumulative, defendant does not so contend, nor would such a contention likely prevail. *See State v. Stegmann*, 286 N.C. 638, 213 S.E. 2d 262 (1975), *death penalty vacated*, 428 U.S. 902 (1976). We conclude that the evidence offered under G.S. § 14-206 was properly limited to the purposes of the statute and thus properly admitted. *See State v. Willis*, 309 N.C. 451, 306 S.E. 2d 779 (1983) (similar result in drug case). We further hold that defendant has shown no deprivation of due process.

Defendant has failed to demonstrate constitutional or other prejudicial error. Her conviction therefore must stand.

No error.

Judges WHICHARD and BECTON concur.