## Richmond

### CURTIS L. COLEMAN, a/k/a WAYNE ANTHONY HARRIS

v.

### CITY OF RICHMOND

No. 0646-86-2

Decided May 17, 1988

COUNSEL

(Drew St. J. Carneal, City Attorney, and Michael L. Sarahan, Assistant City Attorney; Aubrey M. Davis, Jr., Commonwealth's Attorney, James C. Wicker, Jr., Chief Deputy Commonwealth's Attorney, and Stacy F. Garnett, III, Deputy Commonwealth's Attorney, on Petition for Rehearing), for appellee.

OPINION

## ON PETITION FOR REHEARING

COLEMAN, J. — This panel held in *Coleman v. City of Richmond*, 5 Va. App. 459, 364 S.E.2d 239 (1988), that § 20-83 of the Ordinances of the City of Richmond which prohibits loitering in a public place "under circumstances manifesting the purpose of engaging in prostitution" was unconstitutional due to overbreadth and vagueness. The City of Richmond petitions the panel for a rehearing pursuant to Rule 5A:33. The city attorney for Richmond, who did not participate in the appeal, requests leave to appear on behalf of the city and joins in the petition for rehearing. In support of the request the city attorney asserts that he received no notice of the appeal; he relies upon § 10.03(d) of the Richmond City Charter which imposes upon the city attorney the duty "to represent the city as counsel . . . in criminal cases in which the constitutionality or validity of any ordinance is brought in issue." We grant leave for the city attorney for the City of Richmond to appear of record and to join in the petition to rehear. For the reasons that follow, we deny the petition.

The City of Richmond contends that *D. v. Juvenile Dept. of Multnomah County*, 434 U.S. 914 (1977), should have controlled the panel's decision on the constitutional challenges to the ordinance and that *D* required the panel to uphold the ordinance. On the original appeal, the City of Richmond did not assert that the United States Supreme Court had upheld the constitutionality of a similar ordinance, nor did the city request that we consider the *D* case.[1] In the *D* case the Supreme Court summarily dis-

---

[1] Ordinarily, a petition for rehearing will not be granted for the purpose of allowing counsel to submit additional authority that could have been presented in brief or oral argument. *United Services Automobile Association v. United States Fire Insurance*, 111 Cal. Rptr. 505, 36 Cal. App. 3d 765 (1974). However, because the city attorney did not partici-

missed an appeal for lack of a substantial federal question. In *D* the Oregon courts upheld an ordinance almost identical to Richmond's in the face of a due process challenge. *See In the Matter of D.*, 27 Or. App. 861, ___, 557 P.2d 687, 689-90 (1976), *review denied*, 278 Or. 1 (1977). The city contends that the Supreme Court's summary dismissal for lack of a substantial federal question affirmed on its merits the Oregon Court of Appeals' decision upholding the constitutionality of the ordinance and that, as a decision on the merits, it is binding precedent. *See Hicks v. Miranda*, 422 U.S. 332, 343-345 (1975). While we agree with the city's argument regarding the precedential effect of a summary dismissal of a constitutional challenge to an almost identical ordinance, that effect applies only to those precise issues presented to and necessarily decided by the Court. *Mandel v. Bradley*, 432 U.S. 173, 176 (1977) (per curiam).

The constitutional challenge in *D* was a void-for-vagueness, fourteenth amendment challenge to the ordinance as applied. The Oregon appeals court did not consider first amendment issues. Although such a challenge was presented in the jurisdictional statement submitted to the United States Supreme Court, the Supreme Court was not required to address that issue since it had not been addressed by the court below. *See Cato v. Collins*, 539 F.2d 656, 662 (8th Cir. 1976). In *Coleman*, however, relying upon *Broadrick v. Oklahoma* and *Kolender v. Lawson*, we considered an overbreadth challenge to the constitutionality of Richmond's ordinance because Coleman raised freedom of association and first amendment rights. Our decision in this case held the Richmond ordinance unconstitutional on its face in light of first amendment concerns. The issues presented in this case are not identical to the issues cited in *D*. Therefore, the summary dismissal of *D* by the Supreme Court does not compel us to uphold Richmond's ordinance.

---

pate in the original oral argument we have considered the additional authority presented. We note, however, that the Richmond City Charter imposes an obligation on the city attorney, not this Court. Neither the city attorney nor the Commonwealth's attorney is a party to these proceedings; the City of Richmond is the party and the city was represented by counsel of record—the Commonwealth's attorney. So far as the record is concerned, the city voiced no objection to representation by the Commonwealth's attorney. The fact that the city attorney received no notice of this proceeding does not affect the validity of this court's final judgment. The city, through its counsel of record, was notified of the proceedings on appeal and did participate.

Even though *D* does not have the precedential effect for which the City of Richmond argues, we have considered the city's additional argument that a majority of state appeals courts which have considered constitutional challenges to similar ordinances have upheld their constitutionality. We have considered the rationale from the precedents of our sister states which have been divided in their approaches. The rules of statutory interpretation require that when legislation is susceptible to more than one interpretation, the one which will uphold its constitutionality, if reasonably available, should be adopted. We conclude, however, that for the reasons previously stated, the panel's construction, as well as any other reasonable construction of Richmond's "anti-loitering for the purpose of engaging in prostitution" ordinance, renders it unconstitutional. No judge of the panel, therefore, certifies that there is good cause to rehear the case. Rule 5A:33(d). Accordingly, we deny the petition for a rehearing.

*Denied.*

Hodges, J., and Keenan, J., concurred.