**NORTHERN VIRGINIA CHAPTER, AMERICAN CIVIL LIBERTIES UNION, et al., Plaintiffs,**

v.

**CITY OF ALEXANDRIA, Defendant.**

**Civ. A. No. 90–0722–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 27, 1990.

Victor M. Glasberg, Alexandria, Va., for plaintiffs.

Philip G. Sunderland, Oliver A. Pollard, III, Office of City Atty., Alexandria, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on cross-motions for summary judgment. The case presents a constitutional challenge to a City of Alexandria ordinance that proscribes loitering for the purpose of engaging in unlawful drug transactions. Plaintiffs allege that first, the ordinance is unconstitutionally overbroad and burdens the right of assembly and association under the first amendment; second, the ordinance creates an unconstitutional presumption of unlawful purpose in violation of the due process clause of the fourteenth amendment; and, third, the ordinance's "opportunity to explain" provision gives officers unbridled discretion and violates the right to remain silent under the fifth amendment. The court finds there are no material facts in dispute and the case can be decided on the summary judgment motions.

On April 24, 1990, the City Council of Alexandria, Virginia passed Ordinance No. 3450, making it a class 1 misdemeanor to loiter within a public place for the purpose of engaging in unlawful drug-related transactions. On June 26, 1990, the Alexandria City Council amended the ordinance by adopting Ordinance No. 3471. Ordinance No. 3471 supersedes the original ordinance and is presently in effect. The plaintiffs, three community groups and fifteen Alexandria residents, filed this action seeking declarative and injunctive relief against enforcement of the ordinance.

The nationwide drug epidemic has prompted cities and counties across the country to enact legislation aimed at curtailing the sale and use of illicit drugs. The Alexandria loitering ordinance reflects the City's efforts to combat drug trafficking on the streets of Alexandria. The ordinance provides:

> (a) It shall be unlawful for any person to loiter in a public place for the purpose of engaging in the sale, gift, distribution, possession or purchase of a controlled substance prohibited by section 18.2–248, 18.2–248.1 or 18.2–250 of the Code of Virginia (1950), as amended. Circumstances manifesting such purpose on the part of a person shall include: (1) the person is in the same general location for at least 15 minutes; (2) while in the same general location and in a public place, the person has two or more face-to-face contacts with other individuals; and (3) each of such contacts (a) is with one or more different individuals, (b) lasts no more than two minutes, (c) involves actions or movements by the person consistent with an exchange of money or other small objects, (d) involves actions or movements by the person consistent with an effort to conceal an object appearing to

> be or to have been exchanged, and (e) terminates shortly after the completion of the same apparent exchange. For purposes of this subsection, "same general location" shall mean an area defined as a circle with a radius of 750 feet and a center being the place where a person is first observed by a law enforcement officer.

> (b) No person shall be arrested or convicted for a violation of this section unless each of the circumstances identified in subsection (a) is present.

> (c) No person shall be arrested for a violation of this section unless the arresting officer first provides the person an opportunity to explain the conduct in question.

> (d) For purposes of this section, the term "public place" means any street, sidewalk, alley, park, bridge, driveway, parking lot or other public property open to the general public.

> (e) Any person convicted of violating this section shall be guilty of a class 1 misdemeanor.

Alexandria City Ordinance No. 3471, Sec. 13-1-24.1.

The gravamen of plaintiff's complaint is that the Alexandria ordinance sweeps protected innocuous conduct under the rubric of its prohibition against illegal drug-related activities.[1] Plaintiffs assert that they have engaged in an array of innocent conduct such as campaign and election work, drug counseling, community events, and socializing that would constitute an unlawful purpose under the express terms of section (a) of the ordinance. Plaintiffs thus allege that the ordinance is unconstitutionally overbroad and burdens their first amendment rights of expression, association, and assembly.[2]

1. Specifically, plaintiffs allege that enforcement of the ordinance against them would subject them to conviction for such ordinary activities as interacting in a public place for at least fifteen minutes, shaking hands, and exchanging small objects; counseling drug dealers and giving them information on pieces of paper or money to pay for transportation to drug treatment centers; registering individuals to vote and signing petitions; engaging in community

work that entails contact with persons on the street and the exchange of information, telephone numbers and other items; hanging out on the street with friends; exchanging business cards and placing them in one's pocket or pocketbook. *See* Complaint, at 5–7.

2. Courts have repeatedly recognized that constitutional protection is afforded to lawful activities of the type contended by the plaintiffs that the ordinance deters, whether under the first or

The Supreme Court has upheld pre-enforcement challenges to criminal statutes that infringe on first amendment rights. *See, e.g., Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1972). The risk of chilling protected expression favors pre-enforcement review rather than requiring an individual to await prosecution as the sole means of vindication of rights. *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965).

■■ The first step in a facial overbreadth challenge is to determine whether "the enactment reaches a substantial amount of constitutionally protected conduct." *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). A statute may not sweep unnecessarily broadly into the areas of protected freedoms. *Zwickler v. Koota*, 389 U.S. 241, 250, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967); *NAACP v. Button*, 371 U.S. 415, 432, 83 S.Ct. 328, 337, 9 L.Ed.2d 405 (1962). An ordinance is impermissibly overbroad if it deters constitutionally protected conduct while purporting to criminalize nonprotected activities. *Kolender v. Lawson*, 461 U.S. 352, 358 n. 8, 103 S.Ct. 1855, 1859 n. 8, 75 L.Ed.2d 903 (1983). Legislative enactments that encompass a substantial amount of constitutionally protected activity within the parameters of criminalized conduct will be invalidated even if the statute has a legitimate application. *City of Houston v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398 (1987); *Kolender*, 461 U.S. at 358 n. 8, 103 S.Ct. at 1859 n. 8. However, a statute should not be void for overbreadth unless it is substantially overbroad "in relation to the statute's plainly legitimate sweep." *Broadrick*, 413 U.S. at 611–12, 93 S.Ct. at 2915.

The Supreme Court has repeatedly held that laws that chill first amendment rights by indiscriminately reaching both protected and unprotected conduct are invalid under the overbreadth doctrine. *See, e.g., Button*, 371 U.S. at 432–33, 83 S.Ct. at 337. In *Coates v. City of Cincinnati*, 402 U.S. 611, 615–16, 91 S.Ct. 1686, 1689, 29 L.Ed.2d 214 (1971), the Supreme Court held that a law that prohibited three or more persons from congregating on a street corner and engaging in annoying activities was overbroad and abridged the constitutional right of assembly. Similarly, in *City of Houston v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 2512, 96 L.Ed.2d 398 (1987), the Supreme Court invalidated a Houston ordinance that forbade individuals from interrupting a police officer in execution of his duties. The *Hill* Court held the ordinance was unconstitutionally overbroad under the first amendment in that it was "not narrowly tailored to prohibit only disorderly conduct or fighting words" and "criminalized a substantial amount of constitutionally protected speech". *Id.* 107 S.Ct. at 2511–12; *see also Gooding v. Wilson*, 405 U.S. 518, 522, 92 S.Ct. 1103, 1106, 31 L.Ed.2d 408 (1971) (stating that an enactment must be "carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression").

■ The overbreadth doctrine has been invoked in many challenges to state and local loitering statutes. An ordinance that prohibits loitering may survive an overbreadth challenge if the enactment requires scienter or specific intent to engage

---

fourteenth amendments. *See Johnson v. Carson*, 569 F.Supp. 974, 976 (M.D.Fla.1983) (stating that "'The rights of locomotion, freedom of movement, to go where one pleases, and to use the public streets in a way that does not interfere with the personal liberty of others' are implicit in the first and fourteenth amendments") (citations omitted); *see also Dallas v. Stanglin*, 490 U.S. 19, 109 S.Ct. 1591, 1595, 104 L.Ed.2d 18 (1989) (characterizing the holding in *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) as recognizing that the "right of expressive association extends to groups organized to engage in speech that does not pertain directly to politics"); *Swank v. Smart*, 898 F.2d 1247, 1251 (7th Cir.1990) (first amendment protects expressive association which is important to "the advancement of knowledge, the transformation of taste, political change, cultural expression"); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 164–65, 92 S.Ct. 839, 844–45, 31 L.Ed.2d 110 (1972) (characterizing the right to walk, stroll, or wander with no apparent purpose as an aspect of liberty within "the sensitive First Amendment area").

in an illicit act. *See State v. Evans*, 73 N.C.App. 214, 326 S.E.2d 303, 307 (N.C.Ct. App.1985); *City of Milwaukee v. Wilson*, 96 Wis.2d 11, 291 N.W.2d 452, 457 (Wis. 1980). Numerous courts have rejected overbreadth challenges where the ordinance specifically required loitering for an unlawful purpose. *See generally City of Cleveland v. Howard*, 40 Ohio Misc.2d 7, 532 N.E.2d 1325, 1329 (1987); *Evans*, 326 S.E.2d at 307; *City of South Bend v. Bowman*, 434 N.E.2d 104, 107 (Ind.Ct.App. 1982); *Wilson*, 291 N.W.2d at 457; *Akron v. Massey*, 56 Ohio Misc. 22, 381 N.E.2d 1362, 1365 (Mun.Ct.1978); *People v. Smith*, 89 Misc.2d 754, 393 N.Y.S.2d 239, 242 (N.Y. App.Term 1977), *aff'd*, 44 N.Y.2d 613, 378 N.E.2d 1032, 407 N.Y.S.2d 462 (N.Y.1978).

The loitering ordinances that have been upheld by various courts contain common characteristics. The majority of ordinances proscribe loitering with an unlawful purpose and thereafter set forth circumstances that "may" be considered in determining whether such purpose is manifested. *See generally Howard*, 532 N.E.2d at 1326; *Jones*, 434 N.E.2d at 105; *Wilson*, 291 N.W.2d at 455; *Massey*, 381 N.E.2d at 1364; *Lambert v. City of Atlanta*, 242 Ga. 645, 250 S.E.2d 456, 457 (Ga.1978). Other ordinances merely require loitering with an unlawful purpose and do not describe the circumstances constituting illicit intent. *See generally People v. Smith*, 44 N.Y.2d 613, 378 N.E.2d 1032, 1035, 407 N.Y.S.2d 462, 465 (N.Y.1978); *People v. Pagnotta*, 25 N.Y.2d 333, 253 N.E.2d 202, 204, 305 N.Y.S.2d 484, 486 (N.Y.1969). A further type of ordinance requires loitering with an

unlawful purpose and thereafter sets forth circumstances that may be considered but specifically requires that the circumstances be performed for the stated unlawful purpose. *See Ford v. United States*, 498 A.2d 1135, 1137 (D.C.1985). None of the ordinances upheld resemble the Alexandria loitering ordinance which requires loitering for the purpose of engaging in unlawful drug-related activities and thereafter delineates seven circumstances that unequivocally manifest an unlawful purpose.

In *Coleman v. City of Richmond*, 5 Va. App. 459, 364 S.E.2d 239, 244 (1988), *reh'g denied*, 6 Va.App. 296, 368 S.E.2d 298 (1988), the Virginia Court of Appeals invalidated a Richmond ordinance on overbreadth and vagueness grounds notwithstanding the ordinance's specific intent requirement.[3] The Richmond ordinance proscribed loitering in a public place under "circumstances manifesting the purpose of engaging in prostitution" and delineated three circumstances for consideration in determining whether such purpose was manifested. *Id.*

The *Coleman* court reasoned that although the Richmond ordinance required specific intent to engage in prostitution, the enumerated circumstances were sufficient standing alone to manifest intent to engage in prostitution. *Id.* 364 S.E.2d at 243. Thus, any person engaging in conduct meeting the specified circumstances was deemed to possess the requisite intent to engage in prostitution. *Id.* Persons window-shopping and hitch-hikers beckoning to cars could be arrested under the Richmond ordinance even though they lacked intent

---

**3.** The Richmond ordinance at issue in *Coleman* provides in pertinent part:

(a) It shall be unlawful for any person within the city limits, to loiter, lurk, remain, or wander about in a public place, or in any place within view of the public or open to the public, in a manner or under circumstances manifesting the purpose of engaging in prostitution, or of patronizing a prostitute, or of soliciting for or engaging in any other act which is lewd, lascivious or indecent. Among the circumstances which may be considered in determining whether any such purpose is manifested by a particular individual are the following: (i) that, to the knowledge of the arresting officer at the time of arrest, such

individual has within one year prior to the date of arrest been convicted of any offense chargeable under this section, or under any other section of this Code or the Code of Virginia, relating to prostitution, pandering, or any act proscribed as lewd, lascivious or indecent; (ii) that such individual repeatedly beckons to, stops, attempts to stop, or interferes with the free passage of other persons, or repeatedly attempts to engage in conversation with passersby or individuals in stopped or passing vehicles; or (iii) that such individual repeatedly stops or attempts to stop motor vehicle operators by hailing, waving arms, or other bodily gestures.
Richmond City Code § 20–83.

to engage in prostitution. *Id.* Because the enumerated circumstances could be performed by individuals lacking unlawful intent, the *Coleman* court held the ordinance was unconstitutionally overbroad under the first amendment.[1] *Id.*

■ The City of Alexandria argues that because the loitering ordinance requires specific intent to engage in drug-related activities, it does not curtail constitutionally protected conduct. The City contends that engaging in conduct that meets the seven circumstances is an insufficient basis on which to sustain an arrest as probable cause may not be determined from the mere occurrence of the seven circumstances. The City maintains that conviction under the ordinance requires loitering with intent to engage in drug-related activities and proof of the seven enumerated circumstances.

The Alexandria ordinance proscribes loitering "for the purpose of engaging in the sale, gift, distribution, possession or purchase of a controlled substance ...." The ordinance further provides that the circumstances manifesting an unlawful purpose to engage in drug-related activities "shall include" and thereafter delineates seven circumstances that constitute criminal intent. All seven of the enumerated circumstances must be present for conviction under the ordinance.

The Alexandria ordinance is unconstitutionally overbroad notwithstanding its specific intent requirement. Under the express terms of the ordinance, engaging in the seven enumerated circumstances constitutes purpose to engage in illicit drug-related transactions. Unlawful intent may be derived from the mere occurrence of the seven enumerated circumstances. Any person engaging in conduct meeting the specified circumstances is deemed to possess the requisite intent to engage in unlawful drug transactions, regardless of actual purpose.

The ordinance does not require engaging in the seven circumstances with unlawful intent to partake in drug-related activities; rather, the ordinance provides that the occurrence of the seven circumstances manifests intent. The separate specific intent requirement is nullified by the provision that deems engaging in the enumerated behaviors as manifesting an unlawful purpose. By equating unlawful purpose with seven innocent activities that may be accomplished by persons lacking unlawful intent, the Alexandria ordinance criminalizes a substantial amount of constitutionally protected activities. *See Sawyer v. Sandstrom,* 615 F.2d 311, 317 (1980) (holding loitering ordinance unconstitutionally overbroad because it authorized "the punishment of constitutionally protected conduct").

A person may be prosecuted under the ordinance for engaging in such innocuous activity as speaking in a public place for 15 minutes, shaking hands, and exchanging small objects such as business cards or phone numbers on small pieces of paper. Enforcement of the ordinance may result in the conviction of individuals for distributing campaign literature, approaching persons to sign petitions, collecting organizational dues, soliciting community support, and directing voters to the polls. The inherent danger of the enactment is that protected expression may be thwarted as individuals such as the plaintiffs abstain from socializing, counselling, organizing community events, or registering to vote out of fear of prosecution under the facially overbroad ordinance. *See Gooding v. Wilson,* 405 U.S. 518, 521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972) (effect of overbroad statute is that "persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression").

The Alexandria ordinance sweeps too broadly and indiscriminately reaches both

---

**4.** The *Coleman* court also recognized an alternative construction of the Richmond ordinance. The enumerated circumstances could be as mere suggestions of the types of conduct that might manifest an intent to engage in prostitution. *Coleman,* 364 S.E.2d at 243. Under this construction, the Richmond ordinance was void for vagueness. *Id.*

protected and nonprotected conduct. Although the court respects Alexandria's efforts to curb drug trafficking on city streets, it may not do so at the expense of chilling protected conduct and expression. Accordingly, the court finds the ordinance unconstitutionally overbroad under the first amendment and the City of Alexandria, Virginia should be enjoined from enforcing the ordinance. Because the court finds the ordinance unconstitutional on first amendment overbreadth grounds, it declines to address the fifth amendment and fourteenth amendment claims. An appropriate order shall issue.

## ORDER

This matter came before the court on cross-motions for summary judgment. For the reasons stated in the accompanying memorandum opinion, it is hereby ORDERED:

(1) that defendant's motion for summary judgment is DENIED and plaintiff's motion for summary judgment is GRANTED; and

(2) that Ordinance No. 3471 is unconstitutionally overbroad under the first amendment and the City of Alexandria, Virginia is enjoined from any and all enforcement of said Ordinance.