924 P.2d 491

**STATE of Arizona, Appellee,**

v.

**Louis M. SAVIO, Appellant.**

**No. 1 CA–CR 95–0593.**

Court of Appeals of Arizona, Division 1, Department E.

March 19, 1996.

Review Denied Sept. 24, 1996.

Roderick G. McDougall, Phoenix City Attorney by F. Tyler Rich, Assistant City Prosecutor, Phoenix, for Appellee.

Michael E. Kranitz, Phoenix, for Appellant.

## OPINION

GERBER, Judge.

Appellant Louis M. Savio (Savio) appeals his conviction for one count of manifesting an intent to solicit prostitution as provided by Phoenix City Code section 23–52(a)(3). The sole issue before us is whether this ordinance is vague and overbroad in violation of both the United States and the Arizona Constitutions. For reasons that follow, we hold that the ordinance is permissible under both constitutions.

## FACTS AND PROCEDURAL HISTORY

On April 22, 1994, Savio was arrested and charged with manifesting an intent to solicit prostitution. Phoenix City Code section 23–52(a)(3), the applicable ordinance, provides that:

A person is guilty of a misdemeanor who:

.    .    .    .    .

(3) Is in a public place, a place open to public view or in a motor vehicle on a public roadway and manifests an intent to commit or solicit an act of prostitution. Among the circumstances that may be considered in determining whether such an intent is manifested are: that the person repeatedly beckons to, stops or attempts to stop or engage passersby in conversation or repeatedly stops or attempts to stop, motor vehicle operators by hailing, waiving [sic] of arms or any other bodily gesture; that the person inquires whether a potential patron, procurer or prostitute is a police officer or searches for articles that would identify a police officer; or that the person requests the touching or exposure of genitals or female breast.

Savio moved the trial court to dismiss the charge as unconstitutionally vague and overbroad. The Phoenix Municipal Court denied his motion. The jury found him guilty and the trial court sentenced him to five days in jail with credit for one day served. He appealed to the Maricopa County Superior Court which upheld his conviction. He then timely appealed to this court. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 22–375 and limit our holding to the facial validity of the city ordinance. *State v. Irving,* 165 Ariz. 219, 221, 797 P.2d 1237, 1239 (App.1990).

## ISSUE ON APPEAL

The sole issue on appeal is whether Phoenix City Code section 23–52(a)(3) is vague and overbroad in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution and Article 2 § 6 of the Arizona Constitution.

## ANALYSIS

Savio attacks section 23–52(a)(3) for two reasons. First, he contends that the language of the ordinance regarding criteria for manifesting intent and the term "any other bodily gesture" are impermissibly vague, leaving a person unsure what conduct the ordinance prohibits. *See Sabelko v. City of Phoenix,* 846 F.Supp. 810, 823 (D.Ariz.1994). He urges us to rely on *State v. Western,* 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991), where the Arizona Supreme Court struck down an anti-striptease ordinance with similar language because it failed to narrow the

prohibited conduct. He argues that section 23–52(a)(3) allows arresting officers, rather than the legislature, to determine prohibited conduct, and to do so at their whim. *See State v. Jones,* 177 Ariz. 94, 98, 865 P.2d 138, 142 (App.1993).

The state responds by saying that section 23–52(a)(3) sets out clear and definite criteria that enable an officer to determine evidence of intent to solicit prostitution. *See City of Akron v. Massey,* 56 Ohio Misc. 22, 381 N.E.2d 1362, 1365 (1978). It argues that these criteria are not exclusive and that other conduct may also form the basis of an arrest if the conduct manifests the prohibited intent. *City of Seattle v. Jones,* 79 Wash.2d 626, 488 P.2d 750, 752 (1971). The state argues that section 23–52(a)(3) does not vest unfettered discretion in police to determine permissible conduct. *See In the Matter of D.,* 27 Or.App. 861, 557 P.2d 687, 689 (1976).

Next, Savio contends that section 23–52(a)(3) is overbroad because it sweeps constitutionally protected activity within its scope. *See State v. Johnson,* 143 Ariz. 318, 322, 693 P.2d 973, 977 (App.1984). He argues that this ordinance could apply to activity other than solicitation of prostitution, such as soliciting signatures for petitions or participating in advertising promotions. He urges us to follow *Northern Virginia Chapter, ACLU v. City of Alexandria,* 747 F.Supp. 324, 328 (E.D.Va.1990), where penalizing innocent conduct without criminal intent was held to violate the constitution.

The state responds by saying that section 23–52(a)(3) legitimately prohibits a specific practice. It urges us to rely on *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917–18, 37 L.Ed.2d 830 (1973), where the United States Supreme Court viewed the scope of an ordinance in comparison with its legitimate aims. The state contends that arresting officers must consider the setting of the ordinance's criteria and may arrest only when the setting manifests an intent to solicit prostitution. *See State v. Evans,* 73 N.C.App. 214, 326 S.E.2d 303, 306–07 (1985).

■ We agree with the state on both points. Section 23–52(a)(3) criminalizes the specific act of manifesting an intent to solicit prostitution. The ordinance lists certain behaviors that, in context, may give evidence of such an intent.[1] *See Evans,* 326 S.E.2d at 306–07. This non-exclusive list allows an officer to consider other behaviors, including other bodily gestures, that manifest an intent to solicit prostitution. *See City of Seattle,* 488 P.2d at 752. Given the specific behavioral evidence needed to support the inference of intent, we do not find section 23–52(a)(3) vague.

■ Nor is it overbroad. Although criminalizing the isolated lawful behaviors listed in the ordinance would be unconstitutional, this ordinance does not criminalize these lawful activities in isolation from intent and context. They become criminal only when coupled with an intent to solicit prostitution in a context where prostitution is readily possible. In deciding whether any of the specified conduct manifests a criminal intent, an officer must look to probable cause and the context in which the conduct takes place. *Evans,* 326 S.E.2d at 306–07. Conduct such as flagging down a cab or conversing to obtain petition signatures occurs in a clearly different context than gesturing or conversing for purposes of soliciting prostitution and would not justify any criminal inference. We conclude that Phoenix City Code section 23–52(a)(3) is permissible under both the United States and Arizona Constitutions.

## CONCLUSION

We have reviewed the record for fundamental error and have found none. For the reasons stated above, we hold that Phoenix City Code section 23–52(a)(3) does not violate the First, Fifth and Fourteenth Amendments to the United States Constitution or Article 2 § 6 of the Arizona Constitution. Savio's conviction and sentence are affirmed.

VOSS and THOMPSON, JJ., concur.

---

1. By analogy, the criteria listed in section 23–52(a)(3) are permissive evidentiary inferences comparable to those criteria listed in A.R.S. section 13–2305 which has been upheld against constitutional attack. *State v. Cole,* 153 Ariz. 86, 89, 734 P.2d 1042, 1045 (App.1987).